TARVER, next friend, *v.* THE NEW ENGLAND MORTGAGE SECURITY COMPANY et al.

Where a homestead in land was set apart by the ordinary upon the application of the head of a family for the benefit of his wife and minor children, and an appeal entered to the superior court by caveating creditors, pending which the applicant conveyed the land to the wife, who thereupon mortgaged it to another, after which a judgment was rendered in the appeal case adverse to the homestead right, the minor children could not thereafter, by next friend, maintain a valid proceeding, to which the wife alone was made a party respondent, to set aside that judgment on the ground that it was obtained by fraud practiced upon the applicant by one of these creditors. The applicant and such creditor would be indispensable parties to such a proceeding; and without making them parties, no judgment rendered therein could in any manner affect the rights of the wife's mortgagee, or of a purchaser of the land at a sale had upon the foreclosure of the mortgage.
August 12, 1895.

Petition for injunction. Before Judge SMITH. Twiggs county. March 8, 1895.

W. B. Tarver & Brother (composed of W. B. and B. M. Tarver) owned jointly 16,364 acres of land in Twiggs county. They were indebted to various creditors. On February 27, 1882, with the consent of B. M. Tarver, W. B. Tarver applied to the ordinary of that county for the setting apart of a homestead out of said

lands for the benefit of himself and his family, consisting of his wife and minor children. A caveat was interposed by several of his creditors, by their attorneys E. F. Best and others. The ordinary approved the application on April 28, 1882, and the caveators took an appeal to the superior court. On June 26, 1883, while the appeal was pending, W. B. and B. M. Tarver, conveyed the lands by deed to Annie P., the wife of W. B. Tarver, in order that she might apply for and obtain a loan of money, with which the Tarvers expected to settle and compromise the debts against them and to have a surplus for their own uses. In this connection E. F. Best was employed by W. B. Tarver, the nature and extent of his authority being in question in the present case. On August 13, 1883, Annie P. Tarver made a mortgage to the New England Mortgage Security Company, upon the lands mentioned, including the portion claimed as a homestead, for the purpose of securing a loan of $35,000. At the October term, 1883, of Twiggs superior court, Best took a verdict and judgment sustaining the appeal and disallowing the homestead. Subsequently the mortgage given by Annie P. Tarver was foreclosed in the circuit court of the United States for the western division of the southern district of Georgia, and on September 6, 1887, all the lands, including the part claimed as a homestead, were sold by the U. S. marshal under execution issued upon said foreclosure, and were purchased by Charles L. Flint, who received a deed from the marshal, and on April 25, 1890, Flint having died, his heirs conveyed the lands to J. F. F. Brewster. On October 14, 1890, G. W. Jordan, as next friend of the minor children of W. B. and Annie P. Tarver, brought his petition to the superior court, alleging the setting apart of the homestead by the ordinary; that the application therefor was resisted by one of W. B. Tarver's creditors, to wit the firm of Saulsbury, Respess & Co.; that said

firm appealed from the judgment of the ordinary allowing the homestead; that Best took the verdict and judgment disallowing the homestead and sustaining the appeal at the October term, 1883, without authority and in the absence of W. B. Tarver, who protested against said action as soon as he heard of it; that the verdict so obtained was a fraud upon the minors; and that the judgment of Saulsbury, Respess & Co. had been transferred to the New England Mortgage Security Company, which paid therefor with funds of Annie P. Tarver, and she was the sole owner of the judgment and was in possession of it. Petitioner prayed that she be required to show cause why said verdict should not be vacated and set aside, and the appeal reinstated on the docket. Upon this petition a rule *nisi* was granted, and Annie P. Tarver acknowledged service thereof, and consented that the motion be heard at once. Thereupon an order was passed by the court, vacating and setting aside the verdict and judgment in the case of W. B. Tarver *v.* Saulsbury, Respess & Co., appeal from ordinary's court; and appointing a guardian *ad. litem* for the minors. On the same day a verdict of a jury was taken, allowing the homestead as set apart by the ordinary. The record of this proceeding discloses no judgment as having been entered upon the verdict. A year afterwards, during the October term, 1891, on motion of J. W. Robison, attorney for G. W. Jordan, next friend, an order was taken, reciting that a judgment upon said verdict was taken in accordance therewith, and had been lost and was not of file and had never been entered on the minutes; and directing that a copy of the same be established in lieu of the lost original. At the same term, the court of its own motion set aside this last order, and also set aside the verdict taken at the October term, 1890. This judgment was affirmed by the Supreme Court, as to the setting aside of the order establishing the copy of the

judgment, but reversed as to the setting aside of the verdict. 92 *Ga.* 379. Further litigation appears to have been had in the United States courts, and Jordan as next friend filed a bill in the U. S. circuit court for the western division of the southern district of Georgia, to enjoin a writ of assistance directed to be issued by the Circuit Court of Appeals, to evict W. B. and Annie P. Tarver and those holding under them from the lands claimed as a homestead, it being sought to defeat such eviction in behalf of the minor children claimed to be the beneficiaries of the homestead. The injunction was denied, the court holding that, without undertaking to decide what are the rights of these beneficiaries, the averments of the bill, in view of the evidence, did not entitle the complainants to the relief sought; that it appears there is at present no homestead set apart which should defeat the writ of assistance; and that whether such homestead should be allowed is for the action of the State courts, and if allowed, whether it will have the effect to defeat the rights which appear to inure under the judgment of the Circuit Court of Appeals, are matters not decided. This decision was rendered on December 31, 1894. On January 2, 1895, W. B. Tarver, as next friend of his wife and their minor children, brought his petition to the superior court, praying for injunction to prevent the New England Mortgage Security Co., Brewster and others from in any manner interrupting or interfering with the possession by Annie P. Tarver and the minors of the lands claimed as a homestead; for an order establishing a copy of the judgment claimed to have been rendered at the October term, 1890, allowing the homestead; for general relief, etc. This petition was answered by Brewster. On the hearing a number of affidavits were introduced, which need not be set forth here. The injunction was denied, and plaintiff excepted.

WIMBERLY & FELDER and J. H. MARTIN, for plaintiff.
WILLIAM E. SIMMONS, for defendants.

LUMPKIN, Justice.

The record now before us is exceedingly voluminous; but as the case is absolutely controlled by the principles which were formulated when our judgment was announced, it is entirely unnecessary to enter upon a discussion of the various irrelevant matters brought to our attention.

Unless the wife and children of W. B. Tarver are to be treated as parties to the application for a homestead made by him as the head of a family, and also parties to the appeal entered by creditors from the judgment thereon rendered by the ordinary, there was not a single party to the homestead case who was also a party to the proceeding for setting aside the judgment against the homestead right, rendered in the superior court. Regarding Mrs. Tarver and her children as mere privies of the applicant, or beneficiaries for whom the homestead was sought, we could safely rest the case here, without further discussion; for if anything in procedure is settled, it is that persons not parties to a case in which a judgment was rendered cannot, by any sort of a proceeding among themselves alone, set that judgment aside so as to affect or bind any other person in the known world.

But how will the case stand if the wife and children are to be regarded as actual parties to the homestead case, including the proceedings on appeal? In our judgment, the result must be exactly the same. The motion filed by the next friend of the minor children, to set aside the judgment disposing of the case on appeal, was virtually the commencement of a new case—a sort of informal, irregular and very incomplete substitute for an equitable petition. How could any judgment rendered on that motion in any manner whatever affect

Mrs. Tarver's mortgagee, the New England Mortgage Security Company, which was neither a party to it, nor to the original homestead case? It is true that this mortgagee, because it took its mortgage while the appeal was pending, would have been bound by a judgment rendered in that case establishing the validity of the homestead; and for this very reason, it ought to be protected by the judgment disallowing the homestead, until that judgment has been legally set aside. It could not lawfully be set aside in a proceeding instituted by the minor children against Mrs. Tarver, to which proceeding neither the appealing creditors nor the applicant for the homestead were made parties. It certainly cannot be said that in this proceeding Mrs. Tarver represented the Mortgage Security Company; for a mortgagor does not represent a mortgagee in legal proceedings commenced after the execution of the mortgage. The judgment in the superior court disposing of the homestead case on appeal—whether right or wrong, fraudulent or not—was binding upon all the parties to it and their privies until legally set aside; and this could never be done without appropriate pleadings and the necessary parties, among whom, as already stated, are to be included the creditors who entered the appeal and the applicant for the homestead, and probably, if it is to be affected by the judgment rendered, the Mortgage Security Company itself.

Moreover, it would seem that the applicant for the homestead, having conveyed the premises absolutely to his wife pending the appeal, thereby abandoned his application for a homestead. This was the same, so far as he was concerned, as if he had himself dismissed the application when his conveyance was made. This abandonment stands good up to the present time, for he neither procured the judgment on appeal to be set aside, nor was ever heard at all in the proceedings by which

this was attempted. It may be that he never desired that the judgment in the appeal case should be disturbed. Surely, if it is to be set aside on the ground that it was obtained by fraud practiced upon him by the appellants (none of whom, as stated, were made parties to the proceedings to set aside), he ought to have his day in court upon this question of fraud, especially where a mortgagee of his own vendee is to be injuriously affected by the judgment to be rendered.

The lien of the mortgage being, in our opinion, for aught disclosed by the present record, absolutely perfect as to the mortgaged premises (which include the homestead), the purchaser at a sale had upon the foreclosure of the mortgage obtained a good title as against Mrs. Tarver and her children; and the court did not err in denying the prayer for injunction and receiver.

*Judgment affirmed.*