SEARS, senior, *v.* JEFFORDS *et al.*

1. While a bill of exceptions is amendable by the record so as to introduce the names of parties, it is futile to thus make new parties defendant in error unless they will waive service and consent that the case be heard by the Supreme Court on its merits.
2. An acknowledgment of service upon a bill of exceptions does not relate to or bind any person not actually named or sufficiently designated therein as a defendant in error when the acknowledgment is entered.

Submitted February 17, — Decided March 30, 1904.

Motion to dismiss the writ of error.

*Simon W. Hitch* and *Quincey & McDonald,* for plaintiff.
*Leon A. Wilson* and *J. L. Sweat,* for defendants.

COBB, J.   "Hiram Sears, senior," brought an equitable petition against S. V. Jeffords, praying for an injunction to restrain the defendant from cutting timber, for the cancellation of a lease, for damages for timber already cut, and for general relief.   By an amendment, which was offered in the name of "Hiram Sears," it was alleged that S. P. Jeffords and Bailey had combined and confederated with S. V. Jeffords to cut and remove the timber before certain notes given by S. V. Jeffords were due; and the prayer of the amendment was that S. P. Jeffords and Bailey be made parties, and that the plaintiff have an accounting with them for the timber cut and removed by them from the land in controversy. An order was passed granting the prayer of the amendment and making the persons named parties defendant to the case.   While the case was pending, plaintiff and S. P. Jeffords died.   Hiram Sears, as administrator of the estate of Hiram Sears, deceased, was made a party plaintiff; and Mrs. S. P. Jeffords, as executrix of the will of S. P. Jeffords, was made a party defendant.   After parties were thus made, the case came on to be heard on demurrers to the petition, filed by the three defendants.   The court sustained the demurrers and dismissed the petition.   The case is here upon what is claimed to be a bill of exceptions sued out in the case. This bill of exceptions recites that "the case of Hiram Sears Sr. *vs.* S. V. Jeffords, S. P. Jeffords, and J. S. Bailey, the same being a petition for injunction, etc.," came on to be tried, etc., and, after reciting the filing of the demurrers and hearing of the same, avers that the demurrers were sustained and the case dismissed; and this ruling is assigned as error.   Upon this bill of exceptions appears an acknowledgment of service, signed as follows:   "J. L. Sweat, L. A. Wilson, attorneys for plaintiffs."   When the case was called here a motion was made to dismiss the writ of error, because it was sued out in the name of a dead person, and because one of the persons described as defendant in error was dead at the time the bill of exceptions was sued out.   In reply to this motion to dismiss, the plaintiff in error moved to amend the bill of exceptions by adding, after the name of the plaintiff in error, the words,

"as administrator of estate of Hiram Sears;" and by prefixing to the name of the defendant in error, S. P. Jeffords, the abbreviation "Mrs.," and following the name with the words, "as administratrix of estate of S. P. Jeffords."

If it appears from the record that one who should have been joined as a defendant in error to the bill of exceptions has not been named as such therein, he may be made a party by amendment, provided he is willing to waive service and consent that the case be heard on its merits.    An acknowledgment of service of a bill of exceptions, entered prior to the time such an amendment is made, will not be construed as an acknowledgment of service by the party thereafter made.    *Western Union Tel. Co.* v. *Griffith,* 111 *Ga.* 551.    An acknowledgment of service in behalf of "defendants in error" has been held not to be a sufficient acknowledgment of service for a defendant in error who was made a party to the bill of exceptions after the date of the acknowledgment. *Orr* v. *Webb,* 112 *Ga.* 806.    If this rule is sound, certainly an acknowledgment of service by attorneys, describing themselves as "attorneys for plaintiffs," when it appears from the record that they were not attorneys for any one who was a plaintiff in the court below, would not be held to be a sufficient acknowledgment of service for a defendant in error who was not a party to the bill of exceptions at the date of such acknowledgment.    It follows that Mrs. Jeffords, as administratrix of the estate of S. P. Jeffords, could be made a party to the bill of exceptions, provided it was made to appear that she was willing to waive service and consent that the case be heard.    This has not been made to appear, and it would therefore be useless to allow the bill of exceptions to be amended.    The writ of error must be dismissed for want of proper parties defendant in error.    Under this view of the case, it is unnecessary to determine whether the bill of exceptions was sued out in the name of the dead plaintiff Hiram Sears, or in the name of the living administrator Hiram Sears, and, if in the name of the latter, whether the bill of exceptions is amendable by adding his representative capacity.

*Writ of error dismissed.    All the Justices concur.*