### BULLARD *et al.* v. WYNN *et al.*

1. A motion to dismiss a writ of error having been made for want of certain necessary defendants in error, who were parties in the trial court, as shown by the record, and a motion having been made to amend the bill of exceptions by making them parties, and they having waived service and agreed that the hearing proceed, the latter motion is sustained, and the former overruled. Civil Code, §§ 5570, 5547, par. 3.

2. To a motion to set aside a judgment the party in whose favor it was rendered, or if dead his legal representative, is a necessary party.

(*a*) A motion was made in the court of ordinary to set aside the probate of a nuncupative will. The propounder, who was the husband of the testatrix and the nominated executor, was dead. It was 'alleged that the probate was procured by fraud, no will having in fact been made, and the signatures of witnesses to a form of affidavit having been obtained by misrepresentation, and without any oath being administered: and also that no legal service was made on minor heirs, but an attempted service by a private person. It was further alleged that the executor died insolvent, and that the children, who were parties to the motion (three of them being movants and one being made a respondent), were his only heirs. *Held,* that the judgment of probate could not be set aside in the absence of a representative of the father's estate as a party; and the fact that no administrator had been appointed upon his estate' did not alter this requirement.

3. The motion to set aside the judgment of probate, in view of the allegations made and the parties thereto, was demurrable, and there was no error in dismissing it.

4. If the judgment probating the nuncupative will in solemn form was void for want of legal service and because the minor heirs were not served and made parties as required by law, and this appeared upon the face of the record, the judgment would not be conclusive upon them.

5. Where a will was probated, which conferred upon the executor power to. sell the property of the testatrix, and subsequently a motion to set aside the judgment of probate was made by heirs of the decedent, a person who had purchased property from the executor under the authority contained in the will was properly allowed to intervene and oppose the motion.

JUNE 22, 1910.

Appeal.    Before Judge Reagan.    Pulaski superior court.    August 13, 1909.

In 1908 Mrs. Ruby Bullard, Mrs. Hennie Thompson, and Watts Morgan by his next friend filed their petition in the court of ordinary of Pulaski county, seeking to have revoked and set aside the probate of a nuncupative will of Mrs. Emma V. Morgan. The petitioners alleged as follows: Mrs. Emma V. Morgan died in Pulaski county, November 28, 1892. At the time of her death she left as her only children the petitioners, Mrs. Lola Speer, and another child who died in infancy. Her husband, the father of the petitioners, died on May 19, 1907, leaving no heirs except the children. At the time of the death of their mother Mrs. Speer was nineteen years old, Mrs. Thompson was fifteen, Mrs. Bullard was ten, and Watts Morgan was four years of age. About March 6, 1893, their father, Y. H. Morgan, made application to the court of ordinary for the probate of what he alleged to be a nuncupative will of their deceased mother. It was prayed that citation issue to the minor children. On such citation there purports to be an affidavit made by one R. J. Morgan, dated April 10, 1893, setting forth that he had personally served each of the children with a true copy of the citation. At the April term of the court the ordinary appointed a guardian ad litem for the minors, and he accepted the appointment. The will was admitted to probate upon the affidavit or purported affidavit of R. J. Morgan, Lola Morgan, and Emeline Jordan; and Y. H. Morgan qualified as executor under. an alleged appointment contained in such will. Petitioners learned, about July, 1907, of the fact that the alleged nuncupative will had been set up and admitted to probate, and that in point of fact no such will was ever made, and began this proceeding to set aside the probate within three years of the time knowledge of the fact came to them. They were first put on inquiry by a letter written to them about some property in Atlanta. They learned that in fact no nuncupative will was made; that neither of the attesting witnesses ever testified by affidavit or otherwise, "properly

sworn to," that such a will had been made; that such witnesses did not know the contents of the alleged affidavit which they signed, and the paper was simply prepared and presented to the witnesses, who were told that it was merely a matter of form which they had to sign, and they signed it without knowing the facts contained in it and without being sworn. The papers were prepared by an attorney, at the instance of their father, and the signatures were made at the instance and by the procurement of the latter. The purported will was gotten up entirely after the death of Mrs. Morgan by her husband and the father of the petitioners, who desired to have the property in such shape that he could take care of it and dispose of it as he saw fit without giving bond as in the case of administration. While the record purports to contain an affidavit of R. J. Morgan to the effect that he served the parties named in the citation, yet in point of fact no such service was made and the purported affiant did not testify that he made such service, but signed the affidavit merely upon the statement that it was a matter of form necessary in order that Y. H. Morgan could be made the guardian of his children. The person named as guardian ad litem was not informed that he was to act for the petitioners or Lola Morgan, but that his services were desired as guardian ad litem for the infant since deceased, and he did not know until recently that the establishment of the will depended in any way upon any action of his in his capacity as guardian ad litem. Mrs. Lola Speer is the only other surviving heir besides the petitioners. They prayed that citation issue and be served upon her, and upon the alleged witnesses to the will and the person who was appointed guardian ad litem for the minor children of Mrs. Morgan.

The nuncupative will which was probated appointed the husband of the testatrix her executor, with full power to take charge of her entire estate, and manage it as in his discretion seemed best, to sell, convey, and reinvest the proceeds of any sale as he deemed best, without any order from the court of ordinary for that purpose, and without being required to make any return. It recited, that the testatrix had entire confidence in his judgment and discretion to manage the property for the best interests of their children without any interference from the court of ordinary, and gave him power "to manage without restriction all her said property, leaving it to him when and how to divide it among their children,

or to keep it together as long as he lived, or until the youngest child became of full age before any division thereof, or make division earlier, or at any time that he saw fit, and in the manner that he thought best; that her said executor should not be made to account for the management or disposition of her property or the proceeds thereof, but should have absolute and untrammeled control of her entire estate during his life without any liable [liability] therefor; and at his death the estate then in his hands should be divided equally between her children, share and share alike; but should the executor make any advances to any child during his or her life as his or her said child's distributive share in the estate of testator, then such advances so made shall be [accounted] for by such child in the distribution among the children of testator."

In the court of ordinary J. M. Wynn asked leave to intervene and resist the petition to set aside the judgment of probate, alleging that in reliance upon it he had purchased certain property .from the executor, and still owned it. He was allowed to intervene, and filed a demurrer and answer. The ordinary rendered a judgment granting the prayer of the petition and setting aside and annulling the probate of the will. An appeal was taken to the superior court by Wynn. When the case came on for trial, the petitioners demurred and moved to strike the intervention and the pleadings of Wynn, on the ground that he was not a party defendant in the petition and had no right to be heard. The motion was overruled, and the demurrer of Wynn was sustained, and the petition dismissed. The petitioners excepted to each ruling.

*Haygood & Cutts* and *H. F. Lawson*, for plaintiffs.

*Olin J. Wimberly, Hall & Hall,* and *W. L. & Warren Grice,* for defendant.

LUMPKIN, J. (After stating the facts.) If the will was of force, the estate left at the death of the testatrix passed to the children. If the judgment of probate should be set aside, and the will be declared of no effect, the children would inherit as heirs of their mother and of another child who died in infancy. The father, who had been appointed executor, would also have been an heir, and they would claim as his heirs. As in the one instance they would take the entire estate left at the death of the executor, and in the other would claim partly as heirs of their mother and partly

as heirs of a deceased child and of their father, it may readily be inferred that the substantial purpose to be accomplished by the motion to set aside was to repudiate the sales and transactions of their father as executor, and to seek to recover property which had been disposed of by him as such. Most outrageous fraud was charged against him in procuring the probate of the will. He was dead, and no legal representative was made a party. The movants were three of the children who would benefit by setting aside the judgment. As respondents they named a fourth child, who would also be benefited pecuniarily by the grant of the motion, the three witnesses to the alleged will, and the person who had been appointed by the ordinary as guardian ad litem for the children in the proceeding to probate it. The four last-mentioned respondents had no interest in the matter. Practically the case stood for determination between the four children, all of whom were interested on the same side. If the motion prevailed, their father would be adjudged to have procured the judgment by fraud. In that event also he would rank as an heir. It was alleged that he was insolvent, and there was no administration. But the children could not ignore him, procure a judgment stamping him with fraud and setting aside the former judgment obtained by him, overlook the creditors of his insolvent estate, and take his share as heirs. To a motion to set aside a judgment the person in whose favor it was rendered is a necessary party. If he is dead, a legal representative for him is a necessary party. *Grier* v. *Jones,* 54 *Ga.* 154 ; *Tarver* v. *New England Mortgage Security Co.,* 96 *Ga.* 536 (23 S. E. 507) ; *Whitley Grocery Co.* v. *Jones,* 128 *Ga.* 791 (58 S. E. 623). If in some cases, on account of the fact that there is no estate to administer, an administrator can not be appointed, this may be a matter for legislative consideration as to whether that body will make proper provision for such a contingency. But the fact that a man obtains a judgment and afterwards dies without leaving an estate will not authorize the adverse party to move to set aside the judgment with no party respondent.

A person who had purchased land from the executor asked to intervene and make defense against the motion to set aside the judgment probating the will and appointing the executor, under whom he obtained his title. The children opposed his application, but it was granted. There was no error in this. *Walker* v. *Equitable*

*Mortgage Company,* 114 *Ga.* 862 (3), 867 (40 S. E. 1010). Having effected an entrance into the litigation, he demurred to the petition. His demurrer was sustained. It was distributed over seventeen grounds. We do not deem it necessary to discuss each separately. Some of them were good, and some of them were not. Suffice it to say that, with the parties before the court and under the allegations of the petition, it was properly dismissed.

In one ground, among other things, it was contended that in 1893, when the probate was had, the children were minors; that they were not served and made parties as required by law, but the only service attempted was by an unofficial person; and that these facts appeared on the face of the record. If the children were not served or made parties so as to be lawfully before the court, they were not concluded by the judgment of probate. Civil Code, § 3282. If the judgment was a nullity and this appeared from the record, it could be treated as void. *Hobby* v. *Bunch,* 83 *Ga.* 1 (10 S. E. 113, 20 Am. St. R. 301). Civil Code, § 4987. A motion to set aside the judgment in such a case would seem to be unnecessary, though perhaps it would be a legitimate mode of attack. In sustaining the judgment dismissing the motion to set aside, the validity of the judgment of probate is not adjudicated, nor is the status of a purchaser from the executor decided. Whether the judgment of probate was valid or invalid, the motion to set aside was properly dismissed. *Judgment affirmed. All the Justices concur.*