## Johnson, administrator, *v.* DeLaperriere.

Lumpkin, J.  1. A testator directed that his debts should be paid out of his personal property, "as my executors can best spare, and if he [they] can not spare a sufficiency of said property, then from the yearly income arising from the proceeds of my land," and, after giving specific legacies to two of his daughters, directed that all of his property should be kept together until his youngest child should become of age, "and, in case of my daughters, until they marry and my wife should die, and that my family be supported out of the proceeds of the same, and if there is any balance left after their support, that it be equally divided between my children." *Held,* that such testamentary disposition did not deprive the court of ordinary of jurisdiction to pass an order authorizing a sale of certain of the testator's real estate, after due citation, upon application of the executors, alleging that it was necessary to sell such real estate for the purpose of paying debts and defraying the expenses of administration.

2. If there was fraud on the part of the executors in the procurement of the order, it was not apparent on the face of the proceeding.

3. When considered in the light of the notes of the presiding judge appended to the motion for a new trial and in the light of the other evidence, there was no error requiring a reversal because of the admission of certain evidence.

4. The evidence required a verdict in favor of the defendant, and there was no error in so directing. *Roberts* v. *Martin,* 70 *Ga.* 196; *Bullard* v. *Wynn,* 134 *Ga.* 636 (5), 637 (68 S. E. 439).

*Judgment affirmed. All the Justices concur.*
July 12, 1911.

Appeal. Before Judge Brand. Jackson superior court. July 13, 1910.

*P. Cooley* and *Ray & Ray,* for plaintiff.

*J. S. Ayers* and *J. A. B. Mahaffey,* for defendant.