## COLEMAN *v.* BOARD OF EDUCATION OF EMANUEL COUNTY *et al.*

HOLDEN, J.   The Civil Code (1910), § 1534, provides for an election to be
held in any county to determine whether or not there shall be local taxa-
tion therein to supplement the public-school fund received from the
State by such county, and provides that the returns of any election
held shall be made to the ordinary of the county, who shall declare the
result; and further provides, "If the election is carried for local taxa-
tion, the' ordinary or board of county commissioners, whichever levies
the county tax, shall levy a local tax, as recommended by the county
board of education, upon all the property of the. county, not to exceed
one half of one per cent." An election was held in Emanuel county un-
der the provisions of this section, and the ordinary declared the result
to be in favor of local taxation.   The plaintiffs in error, taxpayers of
the county, brought suit against the county, its board of education, and
its board of roads and revenue commissioners, alleging, among other
things, that the vote at the election in one precinct of the county should
not have been counted in consolidating the returns and declaring the
result of the election, because the election therein was held at a place
other than a lawfully established precinct, and that the exclusion of such
vote would have worked a change in the result of the election.   Com-
plainants prayed "that the court inquire into the legality of said elec-
tion, and into the truth of all complaints herein made; and that the
returns be counted, and that the court inquire into all errors alleged,
and decide whether said tax can be legally and constitutionally levied
upon the property of petitioners and all other citizens of said county
similarly situated," and for an injunction against the collection of any
tax by reason of said election, and for general relief.   Upon the trial
of the case the court directed a verdict in favor of the defendants, and
the plaintiffs excepted.   The bill of exceptions designates as the defend-
ants therein, "Board of Education of Emanuel County et al."   The ac-
knowledgment of service was by named persons, "Attys. Deft. in error."
*Held:*

1. The county, at least, was a necessary party to the bill of exceptions.
2. Under the former rulings of this court prior to the act approved August
21st, 1911, the abbreviations "et al.," when occurring in a bill of excep-
tions after the name of a party therein designated, can not be held to in-
clude any other person who figured as a party in the trial court; and
an acknowledgment of service for "defendant in error" or for "de-
fendants in error," does not cover any person who was not, at the time
such acknowledgment was entered upon the bill of exceptions, actually

named or designated therein as a party defendant in error.  *Orr* v. *Webb*, 112 *Ga.* 806-8 (38·S. E. 98); Acts 1911, pp. 149, 150.

3. If the fourth and fifth sections of the act approved August 21st, 1911, have any application to a case argued in this court before its passage, no motion has been made to make the county a party to the bill of exceptions as one of the defendants in error therein, in accordance with the provisions of the fifth section of the act.

4. The Board of Education of Emanuel County being the only party defendant in error to the bill of exceptions, the motion to dismiss the writ of error because of this fact must be sustained.

*Writ of error dismissed. Beck, J., absent   The other Justices concur.*

SEPTEMBER 25, 1911.

*Saffold & Larsen,* for plaintiff in error.

*R. L. Gamble* and *Williams & Bradley,* contra.