## CARTER *et al. v.* DAVIDSON.

1. "If it appears from the record that one who should have been joined as a defendant in error to the bill of exceptions has not been named as such therein, he may be made a party by amendment, provided he is willing to waive service and consent that the case be heard on its merits."

2. The following charge is objectionable on the ground that it contains an expression of opinion by the court:  "Appraisers were appointed, who, I presume, viewed the property, took into consideration what they thought was best, and set apart as twelve-months support for these children certain property enumerated in these proceedings." (Fish, C. J., and Atkinson, J., dissent as to this ruling.)

3. The court did not err in charging the jury as follows:  "The law says that in doing that, whatever you do, in passing upon the sufficiency of their support and maintenance, you shall keep in view two things: first, you allow the support according to the circumstances of the family prior to the death of the father; then in doing that, in arriving at what you will do, or what you will allow, you shall keep in view the solvency or insolvency of the estate."

4. It being a question, under the law and the evidence in the case, whether the entire property of the decedent or whether one or both of two lots of land should be set aside for certain minor children, it was error for the court to charge the jury in the following language: "You may set apart the entire property, both pieces of real estate, say that they shall have both pieces, that is, the house and lot in Belton and the tract of land in Banks county," without qualifying this by adding, if the jury should think that this was a proper allowance under the evidence in the case and the instructions of the court, or some similar qualification, which would have left the amount of the allowance for determination exclusively by the jury under the law as given them in charge by the court.

5. Assignments of error in the bill of exceptions not argued in the brief of counsel for plaintiff in error will be regarded as abandoned in this court.

                    JUNE 13, 1912.

Appeal. Before Judge Jones. Hall superior court. March 13, 1911.

*Howard Thompson* and *W. M. Johnson,* for plaintiffs in error.
*C. R. Faulkner* and *H. H. Dean,* contra.

BECK, J. L. P. Davidson made application for a year's support for the minor children of Charles J. Pool, deceased. Appraisers were appointed, and to their return setting apart the year's support certain creditors of the decedent filed a caveat on the ground that the amount of property so set apart, the condition of the estate of the decedent being considered, was excessively large and disproportionate to the value of the estate, as the same would be rendered insolvent if the year's support set apart by the appraisers was allowed. The objections were heard in the court of ordinary. An appeal was entered by the caveators from the judgment there rendered. After trial and verdict in the superior court, the caveators made a motion for a new trial, which was overruled.

1. A motion was made to dismiss the bill of exceptions, upon the ground that the administrator was not a party defendant to the bill of exceptions. In response to this motion the plaintiffs in error filed their motion to have the administrator made a party in this court, and accompanied this motion with an acknowledgment of service and a consent that the case be heard at once, signed by the administrator himself. We are of the opinion that under these facts the administrator should be made a party and the motion to dismiss overruled. *Sears* v. *Jeffords,* 119 *Ga.* 821 (47 S. E. 186).

2. Plaintiffs in error excepted to the following charge of the court: "Appraisers were appointed, who, I presume, viewed the property, took into consideration what they thought was best, and set apart as twelve-months support for these children certain property enumerated in these proceedings." This charge was erroneous. It invaded the province of the jury. The court was without authority under our law to intimate to the jury his opinion that the appraisers had viewed the property and taken into consideration what they thought was best. Where the law upon a given state of facts raises a presumption, the court may so state to the jury, but he should not have expressed his own belief as to what the appraisers in this case had done. The words, "I presume," contain an expression of the court's belief in reference to the acts and doings of the appraisers in the premises, and such an expression or intimation of opinion is under the inhibition of our law.

3. It is provided in the law applicable to proceedings of this kind, that "it shall be the duty of the appraisers . . to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of twelve months from the date of administration, in case there be administration on the estate, to be estimated according to the circumstances and standing of the family previously to the death of the testator or intestate, and keeping in view also the solvency of the estate." Civil Code, § 4041. This law was substantially embodied in the following charge of the court. "The law says that in doing that, whatever you do, in passing upon the sufficiency of their support and maintenance, you shall keep in view two things: first, you allow the support according to the circumstances of the family prior to the death of the father; then in doing that, in arriving at what you will do, or what you will allow, you shall keep in view the solvency or insolvency of the estate." And the fact that the court, in cautioning the jury to consider the condition of the estate, instructed them that they should keep in view the solvency or insolvency of the estate did not render the charge obnoxious to the provisions of the law which we have quoted above. The real meaning of the expression, "keeping in view also the solvency of the estate," as it is found in the statute, means nothing more than that

the appraisers should keep in view the condition of the estate as to solvency or insolvency.

4. Complaint is made of the following charge of the court: "First, put a valuation upon the support and maintenance necessary for the minor children under the law; then you might place, if you want to do it, a valuation upon the entire piece of real estate if you see proper to do it. You might say then, if you want to do it, that we find it will take so much money to support and maintain these children under the law for and during the twelve months contemplated by law, and we find one piece of real estate, denominating it, describing it, worth so much, put the value on it, whatever the evidence authorizes you to put, and that piece of property shall be set apart at a certain valuation; that the other piece of property be sold and from the proceeds of the sale of that piece of property that so much money may go to these minor children to complete the amount that you may decide they are entitled to under the law and evidence; or you may set apart the entire property, both pieces of real estate, say that they shall have both pieces, that is, the house and lot in Belton and the tract of land in Banks county." The instructions contained in this excerpt are not only somewhat vague and lacking in clearness, but the concluding part of it, "or you may set apart the entire property, both pieces of real estate, say that they shall have both pieces, that is, the house and lot in Belton and the tract of land in Banks county," is objectionable on the ground that it invades the province of the jury in that it contains an intimation of opinion by the court that under the evidence the jury might "set apart the entire property, both pieces of real estate," without referring to the question as to whether or not, under the evidence, this would be a sufficiency for the support and maintenance of the minor children for the space of twelve months, and a proper and reasonable allowance in view of the condition of the estate as to solvency or insolvency.

5. The exception to the refusal of the court to dismiss the appeal from the judgment of the court of ordinary was not argued in the brief of counsel for plaintiffs in error, and is therefore regarded as being abandoned.

*Judgment reversed. All the Justices concur, except Fish, C. J., and Atkinson, J., dissenting.*