*M. H. Blackshear,* contra.

---

### 7743. BYRD & COMPANY *v.* INTERSTATE CHEMICAL COMPANY.

BLOODWORTH, J. The defendant in execution having failed to make the sheriff of the county a party to the traverse of the entry of service (Civil Code, § 5566), and having failed to give the sheriff any notice whatever thereof, the entry of service appearing to have been made by a deputy sheriff, who was made a party, the illegality proceeding could have had no other legal termination than in favor of the defendant in error. *Georgia Railway & Power Co.* v. *Davis,* 14 *Ga. App.* 790 (82 S. E. 387); *Rawlings* v. *Brown,* 15 *Ga. App.* 162 (3), 164 (82 S. E. 803); *Citizens Bank of Bainbridge* v. *Fort,* 15 *Ga. App.* 427 (83 S. E. 678); *Southern States Phosphate & Fertilizer Co.* v. *Clark,* ante, 376. While this fatal defect should properly have been reached by a timely motion to strike the traverse, yet under the facts of the case the court did not err in directing, upon motion, a verdict for the plaintiff in execution and against the affidavit of illegality.

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*
DECIDED FEBRUARY 16, 1917.

Affidavit of illegality; from city court of Nashville—Judge Christian. June 21, 1915.

*J. D. Lovett,* for plaintiff in error. *W. R. Smith,* contra.