## 10641.  CLELAND *v.* BENNETT.

The writ of error in this case must be dismissed for lack of service on the sheriff and his deputy, who were necessary parties to the bill of exceptions. Their acknowledgment and waiver of service after the bill of exceptions had been filed in this court, without an agreement that the case might be heard, as provided in the Civil Code (1910), § 6160 (3), can not prevent dismissal.

DECIDED JANUARY 27, 1920.

Affidavit of illegality; from city court of Baxley—Judge Lawrence.  March 6, 1919.

To an execution against Mary J. Cleland, upon which garnishment was obtained against the Woodmen of the World, an affidavit of illegality was interposed by her, on the ground that in the case in which the execution was issued, she had not been served and had no notice of the proceeding; and she traversed the deputy sheriff's return of service and made him and the sheriff parties to the traverse. The trial of the issue resulted in a verdict against her; she made a motion for a new trial, which was overruled, and she excepted to the judgment overruling the motion.

BLOODWORTH, J.  A motion to dismiss the bill of exceptions in this case was made on two grounds: 1st. "Because there is no proper and sufficient assignment of error made." 2d. "Because the Woodmen of the World, W. J. Branch, and D. J. Branch were not made parties to the bill of exceptions, nor was same served on them." The bill of exceptions contains a sufficient assignment of error, and the first ground of the motion to dismiss is overruled. The second ground is sustained. The Woodmen of the World is not a necessary party to the bill of exceptions. W. J. Branch, the sheriff, and D. J. Branch, his deputy, are necessary parties. *Pro-*

*ducers Naval Stores Co.* v. *Brewton,* 19 *Ga. App.* 19 (90 S. E. 735); *Byrd* v. *Interstate Chemical Co.* 19 *Ga. App.* 412 (91 S. E. 578), and cit. While the sheriff and his deputy acknowledged service of the bill of exceptions, they did not "agree that said case may be heard," as provided by section 6160 (3) of the Civil Code of 1910. *Marietta Paper Mfg. Co.* v. *Faw,* 64 *Ga.* 450; *Craig* v. *Webb,* 70 *Ga.* 188 (2); *Sears* v. *Jeffords,* 119 *Ga.* 821, 823 (47 S. E. 186); *Bullard* v. *Wynn,* 134 *Ga.* 636 (1) (68 S. E. 439); *Carter* v. *Davidson,* 138 *Ga.* 317 (1) (75 S. E. 155); nor were they made parties by amendment as provided by section 5 of the act of 1911 (Ga. L. 1911, p. 149); Park's Civil Code, § 6164 (b). See also *Parrish* v. *Adams,* 22 *Ga. App.* 170 (1) (95 S. E. 749); *Coleman* v. *Board of Education,* 136 *Ga.* 844 (3) (72 S. E. 159).

*Writ of error dismissed. Broyles, C. J., and Luke, J., concur.*