### 14635. MARTIN *v.* McAFEE & COMPANY.

1. This suit was against J. M. McAfee & Company, a firm composed of J. M. McAfee and other persons to the plaintiff unknown. In the bill of exceptions brought by the plaintiff to the sustaining of a general demurrer to the petition the partnership was not made a defendant in error, but the sole defendant in error made therein was J. M. McAfee. The attorney who represented the partnership in the court below acknowledged service of the bill of exceptions generally, without reservation or exception. A motion to dismiss the bill of exceptions was made because of the failure of the plaintiff in error to make the partnership

a defendant in error. The plaintiff in error, however, having moved to amend the bill of exceptions so as to make the partnership a party, this motion under the facts is one that should be granted. Consistently, the motion to dismiss should be denied.

2. In an action for damages for alleged negligence of the defendant in a case like the present it is not necessary for the plaintiff to negative by affirmative allegations any negligence on his part. This is a matter of defense, and in such a case the petition in this respect will be good unless the pleaded facts affirmatively show that the injuries were the result of the plaintiff's own negligence or failure to exercise ordinary care.

(a) Questions as to diligence and negligence, including contributory negligence, being questions peculiarly for the jury, the court will decline to solve them on demurrer, except in plain and indisputable cases; and in the exercise of this function the question as to what constitutes the proximate cause of an injury complained of may be directly involved as one of the essential elements and disputed issues in the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to. It is only where it clearly appears from the petition that the negligence charged against the defendant was not the proximate and effective cause of the injury that the court may upon general demurrer, as a matter of law, so determine.

(b) Applying these rulings, the court erred in sustaining the general demurrer and dismissing the petition.

3. Where a demurrer to a petition contains grounds both general and special, and the trial judge, without specifying the grounds or basis of its decision, passes a general order sustaining the demurrer and dismissing the petition, the judgment will be treated as sustaining the entire demurrer upon all grounds, anu the special as well as the general grounds must be considered on review if the petition is not subject to the latter; but where, as in this case, it appears that the judgment of dismissal was based solely upon the general grounds, the special grounds will not be considered, but will be left to subsequent determination by the trial court.

DECIDED FEBRUARY 27, 1924.

Action for damages; from Cherokee superior court—Judge Blair. April 27, 1923.

J. L. Martin brought an action for damages against J. M. McAfee & Company, a firm composed of "J. M. McAfee and other persons unknown to petitioner." The plaintiff alleged that as he was driving a team of mules hitched to a wagon on a certain public street in the town of Canton, Georgia, he was injured by reason of the negligence of the defendants' servant, in operating the defendants' delivery truck, in the scope of his employment, when he and the plaintiff met upon the highway. It is alleged that the plaintiff was descending a long, steep, curved hill upon which vehicles cannot

pass each other with safety except at certain points; that when he reached one of these places he looked ahead to see if any vehicle was approaching, in order that if so he might wait where there was space enough to pass, but the way appearing clear he proceeded; that the next point at which vehicles might pass was at the foot of the hill, but that before reaching the same he was approached, from the direction in which he was going, by the defendants' servant, driving the truck, "who could have and should have seen plaintiff and his team before he [the driver of the truck] passed the point in the street at the foot of the slope;" at the point where the parties thus met there was a bluff or descent from six to twenty feet deep on the plaintiff's right, and a high embankment on his left, "so that both vehicles could not remain in the street and pass;" "that although defendants' driver saw plaintiff's predicament, he continued to approach the plaintiff at a rate of speed of about fifteen miles per hour as if plaintiff and his team were not there, . . and plaintiff's team, in order to avoid being struck, . . was forced to the right, over said bluff, drawing the right wheels of plaintiff's wagon over same." "Plaintiff was riding on the back of the running gear of his wagon so that when the right wheels of same were drawn over the edge of said bluff his right leg was pinned under the coupling pole of said wagon, the weight of said wagon was upon plaintiff's right leg and the right wheels of [the] wagon were suspended over the edge of the bluff." "When said wagon was forced upon plaintiff's leg he was thrown into such a position that he could not manage his team, and was entirely helpless to keep them from dragging said wagon over his leg." The petition thus alleges the manner in which the plaintiff received the injuries for which he sues, the same being described. It is alleged that the plaintiff's injuries "were due to the negligence of the defendant and defendant's servant and agent, . . and that said negligence consisted of the following: (*a*) It is shown that said defendant was negligent in employing and using said Sam Stancil to drive said delivery truck, in that he is so young, inexperienced and reckless in driving same. (*b*) That said defendant was negligent in that said driver failed to stop at the passage place at the foot of said slope, and in not stopping at said point so that plaintiff could proceed and safely pass defendant's delivery truck at said point. (*c*) That said defendant was negligent because said driver drove [said] automobile at a high rate of

speed,—that of approximately 15 miles per hour,— and in failing to have said automobile under immediate control in approaching plaintiff and his team and wagon, and said negligence was in violation of the laws of this State. (*d*) That said defendant was negligent in that said driver drove said automobile truck at a greater rate of speed than ten miles per hour while traversing said street where same curved, and at a point on same where there was a bluff and descent from same, and by so doing he was operating said vehicle in violation of the laws of this State. (*e*) That said defendant was negligent in that said driver failed to drive said vehicle at such a rate of speed as was reasonably safe when he approached plaintiff's said team and wagon, and in failing to stop said vehicle before forcing plaintiff's team out of the street, and said negligence was in violation of the laws of this State. (*f*) That said defendant was negligent in that said driver failed to reduce the speed of said vehicle when he approached said dangerous place on said street where plaintiff was located, and that said negligence was in violation of the laws of this State. (*g*) That said defendant was negligent in that said driver failed to stop said vehicle when said wagon of plaintiff was drawn over said embankment, so that plaintiff's team would not have continued to draw said wagon over plaintiff's leg. Said negligence was in violation of the laws of this State."

The defendant partnership filed general and special demurrers. The trial judge, without passing upon the special demurrers, sustained the general demurrer, and the plaintiff excepted.

In the bill of exceptions the partnership as such was not made a party, but J. M. McAfee was made the only defendant in error. A motion was made to dismiss the bill of exceptions because the partnership was not made a party defendant in error. The plaintiff in error, however, has moved to amend the bill of exceptions by adding, after the name J. M. McAfee, the words "and Company," so as thus to make the partnership a defendant in error. The attorney who acknowledged service of the original bill of exceptions represented the partnership in the court below, and his acknowledgment was general, without reservation or exception.

*Brooke & Henderson,* for plaintiff.

*E. W. Coleman,* for defendants.

BELL, J. (After stating the foregoing facts.) "Where a bill of exceptions which can be identified as excepting to a specific judg-

ment is served upon counsel of record in the case, such service shall be held to bind all parties whom said counsel represented in the trial court. Where counsel acknowledges service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, whether such signing is done before or after the signing of the writ of error, unless counsel in the entry of acknowledgment distinctly and specifically states that it is not to be construed as waiving some particular defect then pointed out by him. If such acknowledgment of service is properly entitled in the cause, it need not be physically attached to the bill of exceptions." Park's Annotated Code (1914), § 6164 (a); Ga. L. 1911, p. 149. Where an acknowledgment of service has been procured as provided in the section quoted, the bill of exceptions may be amended in the reviewing court by making any person a party defendant in error to the case who is bound by such service, although such person may not have been named in the bill of exceptions. Park's Annotated Code (1914), § 6164 (b); Ga. L. 1911, p. 149.

In this case the attorney who represented the partnership in the court below acknowledged service of the bill of exceptions generally, without reservation or exception. The partnership being thus bound by this acknowledgment of service, the motion of the plaintiff in error to make it a party defendant in error is one that may be properly entertained, and is granted. Consistently the motion to dismiss is denied. See *Edwards* v. *Wall,* 153 *Ga.* 776 (5) (113 S. E. 190); *Thompson* v. *Simmons,* 139 *Ga.* 845 (2) (78 S. E. 419); *Coleman* v. *Board of Education,* 136 *Ga.* 844 (3) (72 S. E. 159); *Hayes* v. *Hayes,* 137 *Ga.* 362 (73 S. E. 659); *Toole* v. *Geer,* 12 *Ga. App.* 409 (77 S. E. 368); *Parrish* v. *Adams,* 22 *Ga. App.* 170 (95 S. E. 749); *Cleland* v. *Bennett,* 24 *Ga. App.* 682 (102 S. E. 39).

Without such service upon the partnership, however, it would seem that the defect as to parties defendant in error could not be cured by amendment unless the partnership should "waive service and agree that said case may be heard." Civil Code (1910), § 6160 (3); *Marietta Paper Mfg. Co.* v. *Fox,* 64 *Ga.* 450; *Craig* v. *Webb,* 70 *Ga.* 188 (2); *Sears* v. *Jeffords,* 119 *Ga.* 821, 823 (47 S. E. 186); *Bullard* v. *Wynn,* 134 *Ga.* 636 (68 S. E. 439); *Carter* v. *Davidson,* 138 *Ga.* 317 (75 S. E. 155). As to making parties plaintiff in error by amendment see *Crossley* v. *Leslie,* 130 *Ga.* 782 (3) (61 S. E. 851, 14 Ann. Cas. 703).

While the want of a necessary party defendant in error in the bill of exceptions is a matter affecting jurisdiction (*Teasley* v. *Cordell*, 153 *Ga.* 397 (2), 112 S. E. 287), the omission to give the court jurisdiction in the pleadings is amendable in an otherwise proper case where the facts necessary to jurisdiction *actually* existed at the time the proceeding was brought. Civil Code (1910), § 5691. Compare *Sloan* v. *Smith*, 30 *Ga. App.* 591 (2) (116 S. E. 200). The ruling made in this decision is without reference to the difference between counsel as to whether the motion to dismiss the' bill of exceptions was served upon the attorneys for the plaintiff in error.

2. The petition undoubtedly alleges negligence on the part of the defendant's servant while acting within the scope of his employment. It further alleges that the plaintiff's injuries were due thereto. In a case of this character it is not necessary for the plaintiff to negative by affirmative allegations any negligence on his part. This is a matter of defense, and in such a case the petition in this respect will be good unless the facts pleaded affirmatively show that the injuries were the result of the plaintiff's own negligence or want of ordinary care. *Hardwick* v. *Figgers*, 26 *Ga. App.* 494 (2) (106 S. E. 738) ; *Atlantic Coast Line R. Co.* v. *Wildman*, 29 *Ga. App.* 745 (4) (116 S. E. 858) ; *Fisher Motor Car Co.* v. *Seymour*, 9 *Ga. App.* 465 (71 S. E. 764). Even assuming that the petition may disclose some negligence on the part of the plaintiff, it does not appear therefrom, as a matter of law, that this and not the negligence of the defendant was the cause of his injury.

Questions as to diligence and negligence, including contributory negligence, being questions peculiarly for the jury, the court will decline to solve them on demurrer, except in plain and indisputable cases; and in the exercise of this function the question as to what constitutes the proximate cause of an injury complained of may be directly involved as one of the essential elements and disputed issues in the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to. It is only where it clearly appears from the petition that the negligence charged against the defendant was not the proximate and effective cause of the injury that the court may upon general demurrer, as a matter of law, so determine. *Larkin* v. *Andrews*, 27 *Ga. App.* 685 (109 S. E. 518) ; *Columbus Railroad Co.* v. *Moore*, 29 *Ga. App.* 79 (113

S. E. 820) ; *Jones* v. *Tanner*, 26 *Ga. App.* 140 (105 S. E. 705). It was held by this court in *Nixon* v. *Williams*, 25 *Ga. App.* 594 (2), (3) (103 S. E. 880), that "where the plaintiff was driving a horse attached to a buggy, along a public highway, and the horse became frightened by the operation of an approaching automobile of the defendant and fell into a ditch and was injured, the act of a third person in the buggy with the plaintiff, in grabbing the lines and attempting to control the frightened horse, which pulled the horse into the ditch where he was injured, was not necessarily the legal cause of the injury;" and that "whether the operation of the defendant's automobile in frightening the horse, or the grabbing of the lines by the third person, was the legal cause of the injury to the horse, and whether or not the defendant was negligent, were issues for the jury." The rulings in *Schofield* v. *Hatfield*, 25 *Ga. App.* 513 (103 S. E. 732), and *Moody* v. *DuBois*, 29 *Ga. App.* 652 (116 S. E. 219), were similar. In like manner we hold in the case at bar that the questions of negligence or diligence, and of contributory negligence and proximate cause, as presented by the petition, were questions to be answered by the jury. It was therefore error to sustain the general demurrer. See *Dabbs* v. *Rome Railway & Light Co.*, 8 *Ga. App.* 350 (1), (3) (69 S. E. 38) ; *Atlantic Coast Line R. Co.* v. *Daniels*, 8 *Ga. App.* 775 (70 S. E. 203).

3. Where the judgment of the trial court sustaining a demurrer which contains both general and special grounds is expressly limited to the general grounds, or from its language may be so construed, the special grounds will not be considered upon review, but will be left to subsequent determination by the trial court. *Willingham* v. *Glover*, 28 *Ga. App.* 394 (111 S. E. 206). The rule is otherwise, however, where a general order of dismissal is rendered, in which it does not appear that the general grounds only were passed upon. In that case the judgment will be treated as sustaining the entire demurrer upon all its grounds, and the special as well as the general grounds must be considered upon review, if the petition is not subject to the latter. *Willingham* v. *Glover*, supra; *Price* v. *Ketchum*, 29 *Ga. App.* 179, 182 (115 S. E. 32). The trial judge in this case having passed only upon the general grounds of the demurrer, the special grounds will be left for his future determination.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*