McHAN, guardian, *et al. v.* McHAN, executor, *et al.*

No. 9895. APRIL 11, 1934.

*Mozley & Latimer,* for plaintiffs in error. *William Butt,* contra.

HUTCHESON, J.  J. T. McHan Sr. died in October, 1927, leaving a will in which he appointed his son, R. C. McHan, as executor of his will.  The will was probated in solemn form, and the executor took charge of the estate of the decedent. · J. T. McHan had been married and had seven children by his first wife, all of whom had been educated and were grown at the time of the making of the will. By a second wife he had one son, J. T. McHan Jr.  In the second item of his will he provided a legacy of $1000 each to J. T. McHan Jr., and four other children by the first wife of testator, to make them even with certain other children, to whom he had made advancements during his lifetime, and also provided $1500 to provide for an education for J. T. McHan Jr.  The will named Mrs. Laura McHan as guardian of J. T. McHan Jr.  The executor refused to pay to Mrs. Laura McHan any part of the $1000 bequest to J. T. McHan Jr., or the $1500 for his education.  Mrs. McHan filed in the ordinary's court of Marion County a petition calling upon the executor to settle with her as testamentary guardian of J. T. Mc-Han Jr., for the amounts due him under the will of his father. The ordinary rendered a judgment from which an appeal to the superior court was taken.  A verdict was rendered in favor of the guardian for the two legacies, and judgment was rendered accordingly.  No exception was taken to this judgment.  An execution was issued and levied on real estate belonging to the estate of the deceased.  Whereupon the executor and the other legatees under the will of J. T. McHan filed in Cobb superior court a petition to enjoin the collection of the fi. fa., and for a construction of the will of J. T. McHan.  Mrs. Laura McHan filed a plea of res judicata, and a demurrer and an answer.  The questions of law and fact involved in the issue made by the plea of res judicata were submitted to the judge.  He found against the plea of res judicata.  After evidence was submitted, it being agreed that there was no issue of fact to be submitted to a jury, the court overruled the demurrer of Mrs. Mc-Han, and rendered a decree enjoining collection of the fi. fa., and ordering the executor to make a sale of the property.  To this judgment the defendant excepted.

■ On the call of the case in the Supreme Court the defendant in error moved to dismiss the writ of error on two grounds, that the sheriff of Marion County, a necessary party to the bill of exceptions, was not a party and had not been served, and that the bill of excep-

tions was premature, because there was no final judgment and the case is still pending in the court below. The sheriff was made a party to the bill of exceptions, and acknowledged service after the case reached this court. *Bullard* v. *Wynn,* 134 *Ga.* 636 (68 S. E. 439). The judge below granted an injunction against a sale of the property under the fi. fa. issued on the execution in Marion County; and this was final. The judge further ordered a sale of the property and a distribution of the proceeds of the sale among the legatees under the will of J. T. McHan.; and the fact that the judge also provided in his order that the various steps in the sale and distribution of the proceeds thereof should be approved by him made the judgment none the less final. The motion to dismiss is therefore without merit.

■ In the view we take of this case the judge erred in overruling the plea of res judicata; and therefore, all subsequent proceedings being nugatory, it is unnecessary to consider other questions raised in the bill of exceptions. Mrs. McHan as testamentary guardian brought suit in Marion County against the executor of the will of J. T. McHan, to require the executor to pay certain legacies provided in the will. A judgment was rendered in that court, requiring the executor to pay the legacies due J. T. McHan Jr. This judgment was not excepted to, and it stands as a valid and subsisting judgment against the executor. The suit was brought against the executor, who was the representative of the estate of J. T. McHan, and it was not necessary to make the other legatees under the will parties to that suit. In the present suit brought by the executor and the other legatees, to enjoin the sale of the property under the execution issued in Marion County, the same issues are involved as were involved in the suit in Marion superior court. The Civil Code (1910), § 4335, provides: "An adjudication of the same subject-matter in issue in a former suit between the same parties, by a court of competent jurisdiction, should be an end of litigation." And see § 5678. A former judgment is conclusive as to all facts which could have been ascertained and pleaded on the original trial by the use of proper diligence. *Gladden* v. *Cobb,* 80 *Ga.* 11 (6 S. E. 513); *Hill* v. *Cox,* 151 *Ga.* 599, 604 (107 S. E. 850); *Standard Steel Works Co.* v. *Williams,* 158 *Ga.* 434, 451 (124 S. E. 21); *Baldwin* v. *Dawson,* 41 *Ga. App.* 90 (151 S. E. 825). In *Brown* v. *Wilson,* 56 *Ga.* 534 (3), it was held that "A

contingent liability to which the estate is exposed, known to the administrator before a judgment was rendered against him at the instance of distributees, and not pleaded to the action, will not serve as the basis of an injunction to restrain the collection of the judgment, the liability being no less contingent now than it was then." In the opinion Judge Bleckley, said: "If an administrator, on being cited by the distributees to appear before the ordinary to settle his accounts, in terms of the Code, files an answer, and, by way of showing cause why no absolute judgment should be rendered against him, alleges that he is under injunction from a court of equity which restrains him from paying out any money of the estate which he represents; also that he is threatened with a suit to enforce against him, as administrator, an alleged liability which his intestate incurred as one of the securities upon a certain administration bond; and also that he has received notice from one of his intestate's cosecurities on such administration bond, not to pay out the assets in his hands until the matter of the threatened suit shall be settled; and if, after his answer is overruled by the ordinary, the administrator appeals to the superior court, and that court, on the verdict of a jury, renders absolute judgment against him for a sum certain, in favor of the distributees, that judgment, unreversed, is conclusive upon the administrator; and the question whether the distributees are entitled to be paid the amount of the judgment, notwithstanding anything in the answer contained, is res adjudicata. . . ' The collection of the judgment will not be enjoined on a bill setting forth the same matters alleged in said answer."   •

*Judgment reversed.   All the Justices concur.*