12278.   SHERROD *v.* ATLANTA, BIRMINGHAM & ATLANTIC RAILWAY COMPANY.

JENKINS, P. J. 1. Under the employer's liability act of this State (Civil Code of 1910, §§ 2782 et seq.) a railway employee is not required to be wholly blameless in order to recover damages for injuries received, but the rule of comparative negligence obtains, and the plaintiff may be able to recover partial damages on account of the negligence of the railway company notwithstanding his own fault which might in some less degree have contributed to the injury, provided the fault of the plaintiff did not amount to a lack of ordinary care, and provided also that he did not fail to exercise ordinary and reasonable care and diligence to avoid the consequences of the defendant's negligence after it had or should have become known. *Wrightsville & Tennille R. Co.* v. *Tompkins*, 9 *Ga. App.* 154 (70 S. E. 955).

2. Since questions of negligence, including contributory negligence, lie peculiarly within the province of the jury, they cannot, except in plain and indisputable cases, be determined otherwise. *Western Union Tel. Co.* v. *Spencer*, 24 *Ga. App.* 471 (101 S. E. 198). The mere fact that a person should attempt to mount or leave a moving train or locomotive will not be accounted negligence as a matter of law; but whether or not such an act constitutes negligence, and, if so, the degree of negligence, depends upon the particular facts and circumstances of danger and of justification attending the transaction. *Suber* v. *Ga., Carolina & Northern Ry. Co.*, 96 *Ga.* 42, 43 (23 S. E. 387); *Travelers Protective Asso.* v. *Small*, 115 *Ga.* 455; *Central of Ga. Ry. Co.* v. *Weathers*, 27 *Ga. App.* 375 (108 S. E. 556).

3. Under the evidence disclosed by the record in this case, it was for the jury to say whether the engineer of the defendant company suddenly and without warning applied a great increase of steam to the locomotive, so as, suddenly and without warning, to increase its speed while the plaintiff was attempting to remount it after having changed the switch. If this be not so found, the plaintiff's case must fail; but if so found, they should then determine whether or not the engineer knew or ought to have known that the plaintiff was attempting to remount the moving locomotive, and, if so, whether or not the engineer was negligent in thus applying the steam under such circumstances. If, under the evidence, the jury should find that the defendant was not thus negligent, the plaintiff's case would fail for that reason. If, however, the finding of the jury should be against the defendant on these questions, the plaintiff would then be entitled to recover in some amount, unless the evidence should show one of four things: (1) that the defendant's negligence did not contribute to the injury, or (2) that the plaintiff, under the circumstances, was himself guilty of a lack of ordinary care contributing to the injury, in seeking to remount the moving locomotive, or (3) that in so doing, he was guilty of a degree of contributory negligence equal to or greater than that of the defendant, or (4) that he could by the exercise of ordinary care have avoided the consequences of the defendant's negligence after it had or should have become known. In any of these events the plaintiff could not recover. If, however, the jury should find against the defendant on the issue of its negligence, and in favor of the plaintiff upon the last mentioned questions, then the plaintiff would be entitled to recover either full or partial damages, according to whether the jury might find the plaintiff entirely blameless, or negligent in some less degree than the defendant.      *Judgment reversed. Stephens and Hill, JJ., concur.*

DECIDED OCTOBER 24, 1921.

Action for damages; from Ben Hill superior court — Judge Gower. January 13, 1921.

*Hines, Hardwick & Jordan, A. S. Bradley,* for plaintiff.

*Brandon & Hynds, Wall & Grantham, Crum & Jones,* for defendant.