### 12988.  COLUMBUS RAILROAD COMPANY *v.* MOORE.

JENKINS, P. J.  1. Questions as to diligence and negligence, including contributory negligence, and what constitutes the proximate cause of the injury complained of, being questions peculiarly for the jury, the court will decline to solve them on demurrer, except in plain and indisputable cases. *Sherrod* v. *Atlanta B. & A. R. Co.,* 27 *Ga. App.* 510 (108 S. E. 908). It was for the jury to say whether or not the act of the deceased in allowing the wheels of the car which she was driving to fall into the holes or ruts adjacent to the track was an act of negligence, and, if they should find that it was, then whether such conduct on her part amounted to a lack of ordinary care such as would prevent a recovery, or whether it constituted contributory negligence such as would cause to be invoked the rule of comparative damages in the event the defendant should be held liable.

2. "It is. the general rule that a street-railway required by contract, franchise, municipal ordinance, or statute to perform the duty resting on the municipality of keeping its streets in repair and safe for the passage of the public, is liable to a person injured by a defect in a street caused by the failure to perform such duty." 25 R. C. L. 1176, § 57. Where a prior duty devolves upon the municipality of determining the character of the pavement or repairs thereto or the time when it shall be laid or repaired, there is some diversity of authority as to whether or not any duty rests upon the company to pave or repair until after the municipality shall have first exercised its own duty and discretion. 25 R. C. L. 1174, 1175, § 55. In the instant case, while under section 26 of the city code the city is given the right in its discretion to pave the whole surface of its streets " without giving such . . street-railroad company the option of paving the space to be paved by it," it is provided by section 560 of the city code that " the grade of the railroad tracks and that of the streets along which they are laid must conform as far as practicable, and the railroad companies are hereby required to keep the surface of the street between the rails and eighteen inches outside each rail smooth and even, and not more than two inches below the top of the rail." No attack being made upon the validity of this ordinance, as being in contravention of the rights of the company under its charter, the ground of negligence setting up the failure of the defendant company to comply with its duty to re-

pair, which omission it is alleged contributed to the homicide, was not subject to special demurrer.

3. The allegations setting up the dependency of the mother were sufficient to entitle the plaintiff to go to the jury. *Fuller* v. *Inman,* 10 *Ga. App.* 680 (1), 682 (74 S. E. 287). The remaining special grounds, while attacking particular paragraphs of the petition, in effect merely repeat grounds urged in the general demurrer, and are controlled by the foregoing rulings.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*
> Decided September 23, 1922.

Action for damages; from Muscogee superior court — Judge Munro. October 1, 1921.

*F. U. Garrard, A. S. Bradley,* for plaintiff in error.

*G. W. Fincher, George C. Palmer,* contra.