## WYNNE *v.* SOUTHERN BELL TELEPHONE & TELEGRAPH CO.

1. The owner or occupier of land is liable in damages to an invitee who comes upon the premises for any lawful purpose, for an injury sustained by reason of such owner or occupier failing to exercise ordinary care in properly constructing such premises and keeping them and the approaches thereto safe.

(*a*) Generally it is a question of fact to be determined by a jury whether such owner or occupier exercised ordinary care in constructing the premises, and in keeping them in a safe condition.

(*b*) Where the allegations in the petition are to the effect that the owner constructed and maintained steps leading into his building, on which a party was injured in making her egress therefrom, that these steps were constructed with steel treads, with openings of approximately two inches at the back of each runner, that the heel of plaintiff's shoe, as she descended these steps, was caught in one of these openings by which she lost her balance, fell, and was injured, that the construction of these steps in the above manner rendered them dangerous, and that the owner was negligent in constructing and maintaining them with such defects, and in not providing the plaintiff, who was a patron of the owner and its invitee on the premises, with a safe way of ingress and egress, it can not be said as a matter of law, in passing upon a general demurrer to the plaintiff's petition, that it failed to show negligence upon the part of the owner.

2. Considering all of the allegations referred to in the first and second

questions propounded by the Court of Appeals to the Supreme Court, it can not be held as a matter of law in passing on a general demurrer that it affirmatively appears that the plaintiff could, by the exercise of ordinary care, have avoided her injury, or that her injury was caused by her own negligence.

3. Upon a consideration of the allegations of fact set out in the third question, although there are no other defects than those mentioned and alleged to exist in said steps, and although there is no express allegation that the steps were not constructed in the usual and ordinary manner, it can not be held as a matter of law, in passing on a general demurrer, that no negligence upon the part of the defendant is shown by the petition.

4. Where the owner or occupier of premises fails to exercise ordinary care in keeping reasonably safe such premises for the use of those who go upon them as invitees, and where such an invitee is injured by a patent defect in such premises of which the injured party has no actual knowledge, it can not be held as a matter of law that such injured party was lacking in ordinary care in failing to observe the defect in time to avoid the injury.

No. 4241. FEBRUARY 7, 1925. ATKINSON, HILL, and GILBERT, JJ., being disqualified, Judges HARDEMAN of the Middle Circuit, THOMAS of the Southern Circuit, and EVE of the Tifton Circuit, were designated to sit in their stead.

The Court of Appeals (in Case No. 14295) requested instructions upon the following questions, answers to which are necessary to a decision of this case.

1. In a suit against the owner and occupier of a building, who had constructed it, for injuries received by the plaintiff while using certain steps in the building as an invitee within the meaning of the Civil Code, § 4420, where the plaintiff alleged that the said steps, four or five in number, leading from the street level to the floor of the building were "originally constructed with steel treads which did not entirely cover the depth of said steps, so that there remained at the back part of each runner a space of approximately two inches," that when the plaintiff was descending the steps in leaving the building "the heel of her shoe caught in the two-inch space or aperture at the rear of the runner thereon," causing her to lose her balance and fall, "that the construction of said steps as aforesaid constituted a dangerous and an unsafe place and was a menace to those who used them, that defendant provided and offered no means of access to said building other than said steps," and where it was alleged that the defendant was negligent "in furnishing to petitioner as a means of access to defendant's building a step the runner of which was not deep enough, so that a place some two

inches wide and running the entire length of the runner was left entirely open, in failing to give petitioner any warning or notice of said defect or insufficiency, in constructing and maintaining a flight of steps with the defects and insufficiencies heretofore described, and holding same out to plaintiff as a reasonably safe way by which to enter and depart from its premises," and "in negligently failing to provide a safe method or way of ingress and egress to petitioner, who was a patron of defendant and lawfully upon the premises," may it be said as a matter of law that such averments, when considered on a general demurrer to the petition, fail to show any negligence on the part of the defendant?

2. Where it was further averred in the same suit that "petitioner did not know of the manner in which they were constructed, that she did not notice said defects and insufficiencies as she went into said building, that she had no occasion to make a close and minute examination of said steps, that she was not warned or notified of any defect or insufficiency in connection with same," that at said time and place she was a strong and able-bodied woman, and that "she was free from fault and blame in the premises and was in the exercise of ordinary care, and the injuries complained of were directly and proximately caused by the negligence of the defendant in the particulars hereinafter set forth," may it be said as a matter of law that it affirmatively appears from such averments, taken in connection with those stated in the preceding question, considered upon a general demurrer to the petition, (a) that the plaintiff could have avoided her injury by the exercise of ordinary care, or (b) that her injury was caused by her own negligence?

3. Where the owner and occupier of a building has constructed steps for the use of his invitees in entering the building, in such a way that there remains at the back side of the tread of each step an open space running the entire length of the tread and "approximately two inches in width," so that the heel of the shoe of an invitee is caught therein, causing the invitee to fall and suffer injury, and where such invitee sues such owner and occupier of the premises for the injury, alleging that the steps, constructed in the manner indicated, were defective and insufficient and constituted a dangerous and unsafe place and were a menace to those who used them, and that the defendant was negligent in constructing

them in such manner, without alleging any additional fact to constitute a defect in the steps, or that they were not constructed in the usual and customary manner, may it be said as a matter of law, when such facts and conclusions alleged in the suit, without more, are considered upon a demurrer to the plaintiff's action, that no negligence upon the part of the defendant is shown in the petition? If question number 1 is answered in the affirmative, no answer to this question, number 3, will be desired.

4. In view of the duty resting upon the owner or occupier of premises to keep them in a reasonably safe condition for the use of his invitees, must an invitee who is injured by a defect thereon which is patent, but of which she has no actual knowledge, be said as a matter of law to be lacking in ordinary care in failing to observe the defect in time to avoid the injury? If question number 2 should be answered in the affirmative, then no answer to this question, number 4, will be desired. See *Mattox* v. *Lambright,* 31 *Ga. App.* 441 (120 S. E. 685), and cases therein cited; *Lebby* v. *Atlanta Realty Corporation,* 25 *Ga. App.* 369 (103 S. E. 433).

*R. B. Blackburn* and *Hewlett & Dennis,* for plaintiff.

*McDaniel & Neely* and *W. O. Wilson,* for defendant.

HARDEMAN, J. 1. The owner or occupant of land is liable in damages to an invitee who goes upon his premises for any lawful purpose, for an injury occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe. Civil Code (1910), § 4420; *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 (58 S. E. 1060). Such liability may arise from defective construction. *Ross* v. *Jackson,* 123 *Ga.* 657 (51 S. E. 578). Whether such owner or occupant exercises ordinary care in keeping his premises, upon which an invitee goes and is injured, in a safe condition, is generally a question of fact to be determined by the jury. Questions of negligence lie peculiarly within the province of the jury, and the court should not take the place of the jury in solving them. Except where particular acts are declared to be negligence by some public law, it is a question for determination by the jury whether they do or do not constitute negligence. *Ga. R. Co.* v. *Neely,* 56 *Ga.* 540; *Atlanta &c. Ry. Co.* v. *Hudson,* 123 *Ga.* 108 (51 S. E. 29); *Stewart* v. *Mynatt,* 135 *Ga.* 637 (70 S. E. 325). "Negligence is a question for the jury; the judge has no right to determine what constitutes negligence." *Woolfolk* v. *Macon Ry. Co.,* 56 *Ga.* 457.

Under the allegations set out in the first question, to the effect that the owner constructed and maintained steps to its building, leading from the street into the building, on which the plaintiff as an invitee was injured in making her egress therefrom, that these steps were constructed with steel treads which did not entirely cover the depth of the steps but left an opening at the back of each runner, that the heel of the plaintiff's shoe as she descended these steps was caught in the opening of one of the runners of said steps, by which she lost her balance, fell, and was injured, that the construction of these steps as aforesaid constituted a dangerous and unsafe place, that the owner provided no means of access to said building other than said steps, and that the owner was negligent in constructing and maintaining said steps with such defect, and in not providing a safe way of ingress and egress to the plaintiff, who was a patron of the owner and who was lawfully upon the premises, it may not be held as a matter of law, in passing upon a general demurrer, that the petition failed to show any negligence upon the part of the owner. We can not say under these allegations, as a matter of law, that these steps were of a kind in common use, were not defective in construction and were not the proximate cause of the plaintiff's injury. Nor can we hold that the present case falls within the principle announced in Kern v. Great Atlantic &c. Tea Co., 204 N. Y. S. 402, cited by counsel for the defendant. To so hold we would have to assume that these steps were of a kind in common use, and that they were not defective in construction. In passing upon a demurrer to a petition the court is confined to the allegations of fact therein set out. So we are of the opinion that the first question propounded by the Court of Appeals should be answered in the negative.

2. From the allegations set out in the first and second questions and upon a consideration of a general demurrer to the petition, can it be held as a matter of law that it affirmatively appears that the plaintiff could have avoided her injury by the exercise of ordinary care, or that her injuries were caused by her own negligence? Again it must be borne in mind that questions of contributory negligence lie peculiarly within the province of the jury. *Cleveland* v. *Central R.*, 73 *Ga.* 793; *Killian* v. *A. & K. Railroad Co.*, 79 *Ga.* 234 (4 S. E. 165, 11 Am. St. R. 410); *Miller* v. *Smythe*, 92 *Ga.* 154 (18 S. E. 46); *Sherrod* v. *A., B. & A. Ry. Co.*, 27 *Ga.*

*App.* 510 (108 S. E. 908).    It is alleged that the plaintiff did not know of the defective manner in which the steps were constructed, that she had no occasion to make a close and minute examination of them, that she was not warned or notified of any defect or insufficiency in them, that she was free from fault, and that her injuries were directly and proximately caused by the negligence of the defendant in certain specified particulars.    Under the allegations set out in this first question, the declaration imputes negligence to the defendant; and as under the allegations contained in the second question. the plaintiff expressly declares that she was free from fault, and as she does not concede, directly or by necessary implication, any negligence on her part, whether or not there was negligence on her part, causing or contributing to her injury, is a question of fact for the jury.    So we think the second question should be answered in the negative.

3.    Under the allegations of fact in the third question, and in the absence of any additional averment showing a defect in the steps or that they were not constructed in the usual and customary manner, it can not be held, in passing upon a general demurrer to the plaintiff's petition, that no negligence upon the part of defendant is shown by the petition.    The allegation that the owner and occupant of a building constructed steps for the use of those who entered his building by his invitation in the manner stated in this question, that these steps constructed in this manner were defective and insufficient and constituted a dangerous and unsafe place for those who used them, and that the owner was negligent in constructing them in such manner, whereby the plaintiff was injured, makes a case that should be submitted to the jury on the question as to whether or not the defendant was negligent, without further or other allegations.    These allegations negative the idea that the steps were erected in the usual and customary manner, and were sufficient to carry the case to the jury.

4.    Where the owner or occupier of premises fails to keep them in a reasonably safe condition for the use of those who go thereon by his invitation, is an invitee who is injured by a patent defect in such premises, of which she has no actual notice, to be held as a matter of law to be lacking in ordinary care in failing to observe the defect in time to avoid the injury?    In other words, will the neglect of a person to observe a patent defect in the steps which

she uses in entering a building at the invitation of the owner, of which defect she has no actual notice or knowledge, constitute such a lack of ordinary care as will as a matter of law debar her from recovering from the owner damages for an injury sustained by her by reason of such defect? While this court has often decided that questions of contributory negligence are generally for the determination of the jury, and has declared with becoming judicial modesty that juries can better deal with these matters than judges, it has often held that certain obviously dangerous acts, other than those declared by the statute or municipal ordinance to be negligent, constituted such lack of ordinary care as debarred plaintiffs from recovering for injuries inflicted on them by the negligence of defendants. This will fully appear from the authorities cited below. *Central Railroad Co.* v. *Dixon,* 42 *Ga.* 327; *Moore* v. *Southern Ry. Co.,* 136 *Ga.* 872 (72 S. E. 403); *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924). In these and in many other cases which could be cited the danger was apparent and known to the person injured. The duty imposed by law upon all persons to exercise ordinary prudence to avoid the consequence of another's negligence does not arise until the negligence of such other is existing and is either apparent or the circumstances are such that ordinarily prudent persons would have reason to apprehend its existence. *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802). While the negligence of the defendant is alleged to have existed, we can not say that it was apparent, or that the circumstances were such that an ordinarily prudent person would have reason to apprehend its existence. Failure to exercise ordinary care by a plaintiff before the negligence complained of was apparent, or should have been reasonably apprehended, will not preclude a recovery, but will authorize the jury to diminish the damages in proportion to the fault attributable to the person injured. *Western &c. R. Co.* v. *Ferguson,* supra. "The established standard is whether, taking everything into account, the act is one which the common sense of mankind pronounces want of such prudence as the ordinarily careful person would use in a like situation." We can not say under this standard and as a matter of law that the plaintiff was lacking in ordinary care in not inspecting these steps, and that she could have avoided the consequences of the defendant's alleged negligence when the same was unknown to

her. It can not be held as a matter of law that the circumstances were such that an ordinarily prudent person would have reason to apprehend its existence. So we are of the opinion that the fourth question should be answered in the negative. *All concur.*