14295. WYNNE *v.* SOUTHERN BELL TELEPHONE & TELEGRAPH CO.

STEPHENS, J. 1. Whatever duty may rest upon a court to take judicial notice that a certain "telephone system and every part thereof within the jurisdiction of the United States, including all equipment thereof and appurtenances thereto whatsoever and all materials and supplies," were at a particular time under Federal control, a court can not take judicial notice that any particular physical property was a part of the equipment or appurtenances of a telephone system, etc., and was therefore at a particular time under Federal control, unless it appears that at that time such property was in fact under Federal control or was in fact a part of the equipment and appurtenances, etc., of a telephone system within the jurisdiction of the United States.

2. A stairway in a building in which a telephone company during the period of Federal control had an office under Federal control, to which office its patrons came to pay their telephone-service bills, and which stairway was used by such patrons for such purpose, and was inferentially used by the entire building, which building inferentially contained other offices, not shown to have been under Federal control, is not shown to have been essentially a telephone equipment or telephone appurtenance, and such stairway is not by such facts shown to have been actually under Federal control. A court therefore can not without further proof know from such facts that the stairway was in fact at the time under Federal control.

3. Applying the foregoing rulings and the rulings of the Supreme Court in answer to a certified question propounded in this case (159 *Ga.* 623, 126 S. E. 388), a petition against the telephone company by a person alleged to have been injured in a fall on a stairway caused by an alleged defect in the manner in which the stairway was maintained, set out a cause of action, and the general demurrer thereto should have been overruled.

*Judgment reversed. Bell, J., concurs. Jenkins, P. J., disqualified.*

DECIDED FEBRUARY 26, 1925.

Action for damages; from city court of Atlanta—Judge Reid. January 16, 1923.

Application for certiorari was denied by the Supreme Court.

*R. B. Blackburn, Hewlett & Dennis,* for plaintiff.

*McDaniel & Neely, W. O. Wilson,* for defendant.