25188.   J. B. POUND HOTEL COMPANY *v.* VAISSIERE.

PER CURIAM. In a suit by a guest against a hotel keeper, in which it was alleged that for the purpose of a banquet to be held in the dining-room of the hotel the defendant had erected an improvised platform in the dining-room about one foot from the floor and which extended about two and a half feet from the wall, that the plaintiff was one of the defendant's guests at the banquet and did not know that the platform did not extend to the wall, that she was seated at a table on this platform with her back toward the edge thereof, and when the banquet was over she and another guest sitting next to her arose about the same time, and in order to avoid striking her said neighbor the plaintiff "was compelled to step back slightly," and she stepped on the edge of the platform and fell; that she did not notice that the platform did not extend to the wall as she went upon the same, and had no occasion to make a minute examination thereof, and was not warned or notified that the platform did not extend to the wall; and that the defendant was negligent in not providing the plaintiff with a reasonably safe place for her use as a guest at the banquet, in failing to extend the platform to the wall, in failing to put a rope or some protection around the edge of the platform, in failing to warn the plaintiff of the danger of stepping on the edge of the platform, and in placing her chair so close to the edge

of the platform that when she arose she naturally stepped upon the edge of the platform and fell, receiving the injuries sued for; where it does not appear how close the plaintiff was seated to the edge of the platform, and does not appear that the dining-room was poorly or insufficiently lighted, or that she was prevented in any manner or that there was any reason why she did not or could not see or know of the gap between the wall and the platform,—it is not shown that the plaintiff could not have avoided her injury by the exercise of ordinary care for her own safety. Under the ruling applied by the Supreme Court in *Executive Committee* v. *Wardlaw*, 180 *Ga.* 148 (178 S. E. 55), reversing the decision of this court in *Wardlaw* v. *Executive Committee*, 47 *Ga. App.* 595 (170 S. E. 830), and the decisions cited in the dissenting opinion in 47 *Ga. App.*, the plaintiff did not make a case authorizing her to recover of the defendant, and the judge erred in overruling the defendant's general demurrer to the petition as amended.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur. Stephens, J., dissents.*

STEPHENS, J., dissenting. The owner of premises is under a duty to exercise ordinary care in maintaining them in a condition safe for persons lawfully coming upon them. Where he knowingly maintains on the premises a hole or excavation immediately adjacent to a portion of the premises which he knows is lawfully used and frequented by others who, in the use thereof and in the exercise of ordinary care, may by a slight misstep or deviation fall into the excavation and be injured, he is guilty of negligence in the maintenance of the premises. *Cox* v. *Greenfield*, 50 *Ga. App.* 699 (179 S. E. 178). The rule laid down in *Executive Committee* v. *Wardlaw*, 180 *Ga.* 148 (supra), *Wardlaw* v. *Executive Committe*, 47 *Ga. App.* 595 (supra), and other cases relied on by the plaintiff in error, is clearly distinguishable. A guest or invited person who comes upon the premises of another may rely on the owner or occupier exercising ordinary care to maintain the premises in a safe condition; and where the guest is without knowledge of the dangerous condition and injury results therefrom, the guest is not negligent, as a matter of law, in failing to discover the dangerous condition of the premises, and the injuries thus sustained are not, as a matter of law, proximately caused by the negligence of the guest. *Wynne* v. *Southern Bell Telephone &c. Co.*, 159 *Ga.* 623 (4) (126 S. E. 388). The petition as amended, wherein it was alleged that the defendant was the keeper of a hotel, and, for the purpose of seating his guests for a banquet, had erected in his dining-room an improvised platform at an elevation of one foot from the floor and two and one half feet from one of the walls of the room, that the plaintiff was one of the defendant's guests at the banquet and was seated at a table on the platform near the edge of the platform, but was without knowledge that the platform did not extend to the wall, and was seated so close to the edge of the platform that in arising from the table and "stepping back slightly" to avoid another guest who at the same time was arising from the table, stepped off the platform and fell to the floor and was injured, that the defendant was negligent in erecting and maintaining the platform under the con-

ditions alleged, and that this negligence was the proximate cause of the plaintiff's injury, set out a cause of action. It does not appear as a matter of law that the plaintiff was guilty of negligence barring a recovery. The court did not err in overruling the demurrers to the petition.

DECIDED JULY 16, 1936.

*Hilch, Denmark & Lovett,* for plaintiff in error.
*Gazan, Walsh & Bernstein,* contra.