31050. MELBA CAFETERIA INC. *v.* McCLELLAND *et al.*

DECIDED NOVEMBER 21, 1945. REHEARING DENIED DECEMBER 5, 1945.

*Neely, Marshall & Greene,* for plaintiff in error.

*Hewlett & Dennis, T. F. Bowden, F. L. Breen, Cecil Whiddon, Beverly Irwin, Jones, Williams & Dorsey, Powell, Goldstein, Frazer & Murphy,* contra.

PARKER, J. The sole exception in this case is to the judgment overruling a motion to dismiss, in the nature of a general demurrer, filed by Melba Cafeteria Inc. to the petition for damages of Mrs. Jane McCart McClelland. The suit was brought in Fulton superior court against three defendants, namely, Melba Cafeteria Inc., General Discount Corporation, and Volunteer State Life Insurance Company. General demurrers filed by General Discount

Corporation and by Volunteer State Life Insurance Company were sustained and the case dismissed as to them.

The specific allegations of the petition relating to the negligence charged to Melba Cafeteria Inc. are substantially as follows: (3) that it occupies a part of the ground floor and a part of the basement of the building owned by the Volunteer State Life Insurance Company, and is a tenant of said company; (6) that the plaintiff had just left the Melba Cafeteria, where she had eaten a light repast, on June 21, 1943, at about five o'clock p. m., and was passing through a corridor of the building leading into Luckie Street; (8) that suddenly and without warning a terrific explosion took place in the basement of said building, the force of which was communicated to the corridor in which she was walking, and she was hurled with great force and violence to the floor and injured in the manner thereinafter set out; (9) that said defendant had two hot-water tanks in the basement of said building which were heated by a highly inflammable, combustible, and explosive gas; (17) that said defendant negligently permitted gas from the heater (used in connection with the hot water tanks) to accumulate in the basement of said building, which gas was communicated to the storeroom of General Discount Corporation, containing a large quantity of highly inflammable and combustible celluloid material; (18) that in some way unknown to the plaintiff a fire started in the storeroom of the General Discount Corporation, which was quickly communicated to said inflammable material, and the flash therefrom ignited the gas therein and instantly communicated to the basement compartment of Melba Cafeteria Inc., and immediately a terrific explosion ensued. It was alleged that the plaintiff's injuries were solely caused by the joint and concurrent negligence of the three defendants, and that Melba Cafeteria Inc. particularly was negligent, (a) in allowing and permitting said gas to escape in said basement; and (b) in failing to give warning to the plaintiff of the conditions aforesaid.

The grounds of the motion to dismiss filed in behalf of Melba Cafeteria Inc. were as follows: 1. Because no cause of action is set out against this defendant. 2. Because the facts set forth in said declaration do not entitle the plaintiff to recover damages against this defendant.

It will be noted that there were no special demurrers filed by

the defendant to the petition of the plaintiff, and the only question for decision by this court is whether the allegations made against Melba Cafeteria Inc. were sufficient to withstand a general demurrer or motion to dismiss.

In *A. B. & A. Ry. Co.* v. *Whitehead,* 31 *Ga. App.* 89 (119 S. E. 539), it was said: "Mere general allegations that the fire was caused by the careless and negligent operation of the train, without averring any particular causal defect in the machinery used, or any special lack of care in the operation of the train," would be sufficient as against a general demurrer, although such allegations were subject to a timely special demurrer. "In an action founded upon negligence, mere general averments of negligence are sufficient as against a general demurrer." *Hudgins* v. *Coca-Cola Bottling Co.,* 122 *Ga.* 695 (50 S. E. 974); *Richardson* v. *Pollard,* 57 *Ga. App.* 777, 783 (196 S. E. 199); *Roadway Express Inc.* v. *McBroom,* 61 *Ga. App.* 223 (6 S. E. 2d, 460). On demurrer courts will solve questions of negligence and diligence, and what constitutes the proximate cause of the injury complained of, only in plain and indisputable cases. *Columbus R. Co.* v. *Moore,* 29 *Ga. App.* 79 (113 S. E. 820); *Martin* v. *McAffee,* 31 *Ga. App.* 690 (2) (122 S. E. 71); *Blair* v. *Fulton Bakery,* 68 *Ga. App.* 879, 883 (24 S. E. 2d, 598).

We think that, under the rules of law cited, the allegations of the petition on the questions of negligence and diligence, if supported by evidence, were sufficient to carry the case to a jury, and that the trial judge properly declined to solve these questions. Counsel for the plaintiff in error cite a number of cases dealing with negligence, proximate cause, intervening agencies, and foreseeability, all of which we have considered, but we do not think that they are sufficiently germane to the facts as alleged in this case to require a contrary ruling.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*