38417, 38418.   MARSHALL v. PIG'N WHISTLE, INC.;
and *vice versa.*

Decided October 5, 1960.

528

*T. M. Smith, Jr., Robert L. Pennington, Troutman, Sams, Schroder & Lockerman, Oscar H. Allen,* for plaintiff in error.

*Nall, Miller, Cadenhead & Dennis, B. Carl Buice,* contra.

TOWNSEND, Judge. ■ The petition which alleges in substance that the grill floor had a rough surface and offered a safe, sure tread, was separated from the floor of the foyer by a swinging door which was closed as the plaintiff approached it so that she could not see the condition of the foyer floor until she stepped on it; that the foyer floor was covered with a transparent and invisible wax which was extremely slippery and unsafe, a fact of which she had no knowledge, and that immediately on stepping upon this surface she slipped and fell because of its dangerous condition, set out a cause of action and it was not error to overrule the demurrers thereto. *Pilgreen v. Hanson,* 89 Ga. App. 703 (81 S. E. 2d 18). However, the contention of the plaintiff that because this is so she is as a matter of law entitled to a verdict in some amount, is not sound. There was evidence that the injury occurred on a Friday night and the floor had not been waxed since the previous Monday, and the jury could have inferred at least a reasonable amount of traffic through the doorway in question from the fact that it led from the restaurant area to the foyer opening to the offices and men's and women's rest rooms. There was evidence that the wax used was an or-

dinary commercial type which was regularly used; that buffing has no tendency to render the floor more slippery than if it were not buffed; that "we were never able to keep an unusual amount of wax on the floor"; that the swinging door in question was not closed; that it was always kept open and in particular that it was open on the night when the plaintiff walked from the grill to the foyer. The evidence thus posed a jury question, both on the issue of whether the plaintiff was negligent and whether, if so, the negligence was the proximate cause of the injuries received.

■ Special ground 4 complains of the following excerpt from the charge: "If you believe from the evidence that the floor was waxed and clean, the fact that the floor was waxed does not of itself constitute evidence of negligence." Special grounds 5 and 7 complain of the following: "I charge you that the defendant has a right to wax and clean its floors in the usual manner. No negligence can be charged to the defendant because of this and the defendant would not be liable simply because the plaintiff happened to slip on the floor, unless you find by a preponderance of the evidence that the defendant was negligent in causing a condition which made the floor more slippery than those ordinarily maintained by reasonably prudent owners and occupiers of property for their invitees." It is contended that both instructions are error because they are tantamount to directing a verdict against the plaintiff on the specification of negligence that defendant failed to warn her "that the condition of the floor of the vestibule area was different from the rough, non-slippery condition of the floor of the grill in that said vestibule floor was highly polished and slippery," because the plaintiff in effect alleged and proved that the foyer floor was kept waxed and polished while the grill floor was neither waxed nor polished, and that this condition constituted a trap because it led the defendant to walk from the unwaxed surface onto the waxed surface and therefore to slip and fall. These instructions, however, are sound as an abstract principle of law. *Pettit v. Stiles Hotel Co.*, 97 Ga. App. 137 (102 S. E. 2d 693). The plaintiff's contention overlooks the fact that the court, in charging that merely cleaning and waxing floors is not negli-

■

gence, and that lack of ordinary care consists, not merely of maintaining a floor in a waxed condition but in maintaining it in a condition more slippery than that which would be maintained by reasonably prudent owners and occupiers of property, was laying down a minimum rule to establish when the maintaining of a waxed floor might become negligence, which would be equally true whether a part of the defendant's floors were waxed and a part unwaxed, or whether all were waxed or none waxed. If the jury found in the present case that the defendant was not negligent in the manner in which it maintained the floor of the foyer, then the plaintiff could not recover because such verdict would mean that the floor of the foyer was given that same care, and no more slippery, than any floor maintained by an ordinarily prudent person, and this would be equally true whether the floor of an adjacent area was waxed or unwaxed.

■ The second excerpt from the instructions above quoted is also assigned as error in special ground 7 on the ground that, the overruling of the general demurrer having established as the law of the case that the plaintiff would be entitled to recover on proof of the allegations of the petition, and the plaintiff not having alleged that the floor of the grill was maintained in a condition more slippery than that in which an ordinarily prudent owner or occupier of premises would maintain it, she was not under the necessity of proving such matter in order to recover and the charge was accordingly error. This has in effect been dealt with in the first division of this opinion. The plaintiff alleged that the defendant was negligent, and it was necessary to prove such negligence in order for her to recover. The trial court merely gave the jury a yardstick for determining when they would be authorized to find that the condition in which they believed the premises were maintained might constitute actionable negligence, and this yardstick was correct. Accordingly, special grounds 4, 5 and 7 are without merit.

■ Error is assigned in special ground 6 on the refusal of the trial court to give the following request in charge to the jury: "I further charge you that the plaintiff was required to exercise ordinary care for her own safety while upon the premises of the defendant. In this connection, it is the law of this State that Mrs.

Marshall, as an invitee, had the right to assume that the defendant had complied with its legal duty to maintain the premises in a safe and suitable condition for her use. There is no requirement that an invitee be continuously on the lookout for unsafe conditions, the only duty being that such person exercise ordinary care to this end. One is not necessarily barred from recovery simply because, by extreme care on his part, it would have been possible for him to have discerned the defective or dangerous condition." The request was taken in part from *Lane Drug Stores v. Brooks,* 70 Ga. App. 878, 884 (29 S. E. 2d 716) which states: "A duty rests upon the occupier of land to exercise ordinary care to keep the premises safe for persons coming thereon by his invitation. *Code* § 105-401. The invitee, in coming upon the land, may rely upon the discharge of this duty by the person occupying the land and in control of it, and therefore is not necessarily and as a matter of law guilty of negligence in failing to discover the existence of a patent defect in the premises which renders it unsafe for persons coming upon the premises," and in part from *King Hardware Co. v. Teplis,* 91 Ga. App. 13, 15 (84 S. E. 2d 686): "He is not barred of a recovery simply because by extreme care on his part it would have been possible for him to have discerned the articles negligently left in the aisles or passageways customarily used by the store patrons." See also *Martin v. Henson,* 95 Ga. App. 715 (99 S. E. 2d 251).

The court, in instructing the jury as to the plaintiff's duty, used the following language: "Ordinary care as applied to the plaintiff has the same definition as already given you, that is, the plaintiff should have been in the exercise of that degree of care and caution which every ordinary prudent person would have exercised under the same or similar circumstances, and if the plaintiff could, by the exercise of ordinary care, have avoided the consequences to herself of the defendant's negligence, if there was such, she would not be entitled to recover. The duty, however, to exercise ordinary care to avoid the consequences of another's negligence does not arise until the injured party knew, or in the exercise of ordinary care ought to have known, of the negligence, or such negligence is apparent, or by

the exercise of ordinary care should have been apparent, if negligence there was."

The jury after deliberating for some time, returned with two questions, one being what obligation the plaintiff had for exercising due care. The court again instructed them: "But the necessity to exercise ordinary care on the part of the plaintiff to avoid the negligence of the defendant, if there was such would not arise until the negligence of the defendant was known to the plaintiff, or in the exercise of ordinary care she could have known, or that such negligence was apparent. Of course, the plaintiff must have been in the exercise of ordinary care for her own protection and if she was not in the exercise of ordinary care and it was due to her negligence solely that she was injured, why, there could be no recovery." He then charged again on comparative negligence.

It accordingly appears that the charge as given was full and fair, although not in the exact words of the request. We consider that part of the requested charge to the effect that "Mrs. Marshall, as an invitee, had the right to assume that the defendant had complied with its legal duty to maintain the premises in a safe and suitable condition for her use" and the last clause about the plaintiff not having "discerned the defective or dangerous condition" to be argumentative, and closely bordering on an expression of opinion that the condition of the premises was in fact defective, and that the plaintiff had a right to assume it was safe without exercising any degree of care at all to ascertain this fact, whereas the rule of course is that she must at all times exercise ordinary care for her own safety. Where the charge as given is full and fair and the language of the request, even though correct, states the rule with less precision and exactness than the rule as stated by the court, the refusal to give the requested charge is not error. *Callaway v. State*, 151 Ga. 342 (1) (106 S. E. 577).

The trial court did not err in denying the motion for new trial.

*Judgment affirmed on main bill of exceptions. Cross-bill dismissed. Carlisle and Frankum, JJ., concur. Gardner, P. J., not participating.*