42688. McGINTY v. LAIRD.

Argued April 5, 1967—Decided May 5, 1967.

*Fulcher, Fulcher, Hagler, Harper & Reed, J. Walker Harper,* for appellant.

*Bell & Bell, John C. Bell, D. Field Yow,* for appellee.

QUILLIAN, Judge. The plaintiff seeks to recover for injuries sustained as a result of his falling over a lawn mower left at the entrance way of the defendant's store. If the plaintiff should have seen the obstruction and avoided it he may not recover because he would not have been in the exercise of ordinary care for his own safety. *Lane Drug Stores v. Story,* 72 Ga. App. 886 (35 SE2d 472); *Huey v. Nix,* 94 Ga. App. 498 (95 SE2d 339). Therefore, we consider the question as to whether the plaintiff should have seen the obstruction or shows sufficient excuse for the failure not to observe it.

The petition alleges that the plaintiff had no actual knowledge that the defendant placed the lawn mower in front of the door in such manner as to cause the plaintiff to be channeled into the lawn mower by the swinging door and, by the exercise of ordinary care, the plaintiff could not see the obstruction placed in the path of customers and the plaintiff. In *Tinley v. F. W. Woolworth Co.,* 70 Ga. App. 390, 392, 394 (28 SE2d 322) where the plaintiff sought to recover for injuries sustained from falling over store scales the petition alleged: "the plaintiff did not know, nor could she, by the exercise of ordinary care and diligence, have discovered that the said scales were in said passageway; that at the time and place complained of she was in exercise of ordinary care and diligence, and by the exercise of the same she could not avoid the consequences of the defendant's negligence." There the court held: "If she did not look where she was going, and the scales were clearly visible, and could easily have been seen by anyone who did look, she could not recover."

The averments of the petition contain nothing to show the plaintiff was distracted as in the case of *Big Apple Super Mar-*

*ket v. Briggs,* 102 Ga. App. 11 (115 SE2d 385), or that he could not see the dangerous condition until it was too late as in *Marshall v. Pig'n Whistle,* 102 Ga. App. 526 (116 SE2d 671). There are no allegations from which it would be inferable that the plaintiff had any reason for failing to see and avoid the lawn mower. Hence, the allegations of the instant petition amount to no more than a conclusion of the pleader, without facts to support it.

The plaintiff contends that *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731 (149 SE2d 527) which, relying on *Wynne v. Southern Bell Tel. Co.,* 159 Ga. 623 (126 SE 388), questioned and refused to follow numerous Court of Appeals decisions, is controlling here. *Chotas* dealt with injuries resulting from defects though patent not readily apparent even on close observation and held whether the failure to look constituted a lack of ordinary care on plaintiff's part was a jury question.

That a distinction exists between this class of case and that found in *Chotas* and *Wynne* has often been recognized by this court. As pointed out in *Moore v. The Kroger Co.,* 87 Ga. App. 581, 583 (74 SE2d 487) there are numerous cases holding "that where the obstruction is in some way hidden, camouflaged, or intrinsically unsafe, the question of ordinary care in the plaintiff is for the jury, but where it is perfectly obvious and apparent, so that one looking ahead would necessarily see it, the fact that the plaintiff merely failed to look will not relieve him from the responsibility for his misadventure." The test is, as expounded in *Miller v. Bart,* 90 Ga. App. 755, 758 (84 SE2d 127), whether the "items of business equipment were of such a size as to be obvious and in a place where they were to be expected." If this be true then the plaintiff must show why he failed to observe the obstruction. See *Kitchens v. Davis,* 96 Ga. App. 30, 34 (99 SE2d 266), and *Big Apple Super Market v. Briggs,* 102 Ga. App. 11, 14, supra.

Here we have a lawn mower, certainly readily apparent to even a casual observer, placed at the entrance of a hardware store, presumably a place where such items of equipment are customarily kept and sold. There are no averments explaining the plaintiff's failure to see and thus avoid tripping over the

708

lawn mower. Hence, construing the petition most strongly against the pleader, as held in *McMullan v. The Kroger Co.,* 84 Ga. App. 195, 199 (65 SE2d 420), the only reasonable inference from the allegations of the petition is that the structure was such as could have been seen by the plaintiff in the exercise of ordinary care and the injury resulted from the failure on the plaintiff's part to exercise care for his own safety.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*