43096. WILLIS v. BYRD et al.

SUBMITTED OCTOBER 5, 1967—DECIDED OCTOBER 27, 1967.

*Joseph B. Bergen,* for appellant.

*Bouhan, Lawrence, Williams & Levy, Frank W. Seiler,* for appellees.

JORDAN, Presiding Judge. 1. The provisions of the Georgia Civil Practice Act do not apply to this case, which was terminated in the lower court before September 1, 1967. See the opinion on motion for rehearing in *Abercrombie v. Ledbetter-Johnson Co.,* 116 Ga. App. 376.

2. By her first enumerated error the plaintiff asserts that the trial court erred in failing to sustain her motion to dismiss the demurrer of the defendant, Medical Arts Investment Corporation, the sole ground of the motion being that this defendant waived its right to demur to the petition by first filing an answer on the merits. It is undisputed that the answer and then the demurrer were filed on different dates before the appearance day of the case, although the answer failed to state specifically that it was filed without waiving the benefit of any defense by demurrer. The demurrer being timely filed, the prior filing of such an answer would not operate as a waiver.

Moreover, the right of a defendant to attack a petition for failure to state a cause of action is not restricted to the time limitation of *Code Ann.* § 81-301, for a general demurrer and a motion to dismiss for failure to state a cause of action, orally or in writing, are equivalent pleadings, and the latter may be made at any time before verdict. See *Code* § 81-302 then in effect; *Parker v. Mayor &c. of Savannah,* 216 Ga. 210, 212 (115 SE2d 555). There is no merit in the first enumerated error.

3. The controlling issue in this case, as raised by the second enumerated error, is whether the amended petition states a cause of action.

In determining this issue it is settled law that the petition must be most strictly construed against the pleader, that the defendants are entitled to the benefit of any unfavorable inferences arising therefrom, that, in the absence of special de-

murrers designed to elicit further details, general allegations of negligence are deemed sufficient, and that, except in clear and palpable cases, what constitutes negligence, except negligence per se, and whether such negligence is the proximate cause of an injury, are matters exclusively for jury determination.

The plaintiff relies on the recent case of *McGinty v. Laird,* 115 Ga. App. 704 (155 SE2d 685), to support her contention that her pleadings are sufficient to withstand a general demurrer. In that case the plaintiff alleged that he tripped over a lawnmower on the sidewalk in front of the store, and this court, in resolving the issue adversely to the plaintiff, determined that the facts as alleged by the plaintiff are subject to the unfavorable inference that he should have seen the lawnmower, and that his injury resulted solely from his own failure to exercise ordinary care. Here the plaintiff, with particularity in her amendment, shows that the ramp was obscured from her view by the crowd which the defendants knew was present. This clearly is an attempt by the plaintiff to avoid the unfavorable inferences drawn from the pleadings in the *McGinty* case and in *Moore v. Kroger Co.,* 87 Ga. App. 581 (74 SE2d 481), as well as numerous other cases. In both opinions (*McGinty,* p. 707; *Moore,* p. 583) it is recognized that there are also numerous cases holding "that where the obstruction is in some way hidden, camouflaged, or intrinsically unsafe, the question of ordinary care in the plaintiff is for the jury, but where it is perfectly obvious and apparent, so that one looking ahead would necessarily see it, the fact that the plaintiff merely failed to look will not relieve him from the responsibility for his misadventure."

In *Glover v. City Council of Augusta,* 83 Ga. App. 314, 317 (63 SE2d 422) it is recognized that the diversion created by a window display designed to attract passers-by is sufficient to create a jury question as to whether one would see an object directly under the window and otherwise readily apparent. Numerous cases are collected and discussed in that opinion to support such a conclusion.

More recently, in *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731 (149 SE2d 527), this court reviewed and questioned numerous cases as being in conflict with the holding in *Wynne v.*

*Southern Bell Tel. & Tel. Co.,* 159 Ga. 623 (4) (126 SE 388), as follows: "Where the owner or occupier of premises fails to exercise ordinary care in keeping reasonably safe such premises for the use of those who go upon them as invitees, and where such an invitee is injured by a patent defect in such premises of which the injured party has no actual knowledge, it can not be held as a matter of law that such injured party was lacking in ordinary care in failing to observe the defect in time to avoid the injury."

The defendants rely upon five cases, among others, which this court determined adversely to the plaintiffs therein, and which they insist are analogous. These are *McMullan v. The Kroger Co.,* 84 Ga. App. 195 (65 SE2d 420); *Ely v. Barbizon Towers, Inc.,* 101 Ga. App. 872 (115 SE2d 616); *McHugh v. Trust Co. of Ga.,* 102 Ga. App. 412 (116 SE2d 512); *Carmichael v. Timothy,* 104 Ga. App. 16 (120 SE2d 814); *Sanders v. Jefferson Furniture Co.,* 111 Ga. App. 59 (140 SE2d 550). The facts and holdings in the first four cases are summarized in the *Sanders* case, and while all involve obstructions over which someone stumbled in a parking lot, none involve the presence of a diversion such as that shown in this case by the crowd of people attracted and present on the sidewalk in front of the store, a situation allegedly created and allowed by the defendants which may have obscured an otherwise apparent obstacle.

In *Covington v. S. H. Kress & Co.,* 102 Ga. App. 204 (115 SE2d 621), also relied upon by the defendants, the alleged causative fact, and held so as a matter of law, is the action of another customer in opening a door with great violence and force. This court, in determining the issue adversely to the plaintiff, recognizes the situation as an unusual and unanticipated event which did not create any duty on the defendant to interfere so as to prevent probable injury. Citing *Great A. & P. Tea Co. v. Cox,* 51 Ga. App. 880 (2, 3) (181 SE 788), the court states the rule in this respect as follows: "If the conduct of third persons or customers is such as to cause any reasonable apprehension of danger to other customers or invitees because of such conduct, it is the duty of the proprietor to interfere to prevent probable injury; and a failure so to inter-

fere, and consequent damage, will subject such proprietor to an action for damages for such negligent failure to prevent the injury. This duty of interference on the proprietor's part does not begin until the danger is apparent, or the circumstances are such as would put an ordinarily prudent man on notice of the probability of danger." *Covington,* supra, p. 205.

We do not think the facts as alleged in the present case show as a matter of law that the defendants were under no duty to anticipate and provide against an unsafe condition, such as obscuring the presence of the ramp because of the crowd in front of the store. Instead, we regard the allegations as sufficient to create an issue for jury determination as to whether under the circumstances there was any violation of a duty to provide a safe place and guard against an obstacle obscured by the crowd.

The amended petition states a cause of action, and the trial judge erred in sustaining the defendants' general demurrers.

*Judgment reversed. Deen and Quillian, JJ., concur.*