43586. AMERICAN NATIONAL BANK OF BRUNSWICK v. HOWARD.

ARGUED APRIL 1, 1968—DECIDED MAY 15, 1968—
REHEARING DENIED JUNE 5, 1968.

Zorn & Royal, William A. Zorn, for appellant.
Gibbs & Leaphart, J. Alvin Leaphart, for appellee.

FELTON, Chief Judge. The pleadings and the depositions and affidavits on file all show that the sole defect, if any, in the defendant's premises with regard to the plaintiff's fall was an excessively slippery condition of the terrazzo floor caused by wax. Since the defendant, by its employee, admittedly applied the wax as a routine procedure, the cases dealing with various foreign substances on floors are not relevant. The defendant is thus presumed to have knowledge of the existence of the wax. The controlling issues, as to a summary judgment for the defendant, are whether the record shows without conflict that the floor was not so slippery as to have caused the plaintiff's fall and, if it was so slippery, whether the defendant knew, or in the exercise of ordinary care should have known, of such condidition. The fact that some other patrons may not have slipped on the same floor does not negative the possibility that the floor was slippery, especially since it does not appear how many of them entered through the same entrance as the plaintiff or that the wax was applied evenly throughout the entire lobby. A jury might find that other possible causes of the fall had been eliminated, since there was no rainwater or other foreign substance on the floor, and since the plaintiff and her companion both wore shoes which they had frequently worn in that same bank previously without slipping. A jury might also consider the self-serving nature of the defendant's employee's testimony in weighing the evidence to decide the controlling issues. The evidence did not demand a finding that the plaintiff was, or in the exercise of ordinary care should have been, aware of the unsafe condition of the floor. Even if she had knowledge of the defect, if any, however, this was not tantamount to knowledge of danger or appreciation of risk. See Clayton v. Steve-Cathy, Inc., 105 Ga. App. 570 (125 SE2d 118), and cit., in which the grant of a summary judgment in favor of the defendant was reversed even

where the plaintiff's deposition disclosed that, prior to her fall on a waxed floor, she had observed that said floor "looked slippery, shiny and highly polished."

Accordingly, it was a question for the jury, under the record before the court on motion for summary judgment, as to whether defendant was liable as alleged, and the trial court did not err in its judgment overruling the defendant's motion for summary judgment.

*Judgment affirmed. Whitman, J., concurs. Eberhardt, J., concurs in the judgment.*