53550. HUGHES et al. v. WINN-DIXIE STORES, INC.

SHULMAN, Judge.

This appeal arises out of a suit brought by a husband and wife seeking to recover damages for injuries sustained by the wife. Appellant was injured when she fell while stepping on a rubber switch mat which activated an automatic door opening mechanism at the corporate defendant's store. The evidence shows that appellant did not know with certainty what had caused her fall. Appellant contends that she tripped on the metal molding surrounding the rubber mat, which she alleges was protruding or raised. The jury found for the appellant. The trial court granted judgment notwithstanding the verdict pursuant to Code Ann. § 81A-150 (b) and, in the alternative, conditionally granted a motion for new trial pursuant to Code Ann. § 81A-150 (c)(1). The judgment notwithstanding the verdict was granted on the grounds that the appellant had failed to establish that appellee had actual or constructive knowledge of any defect such as to impose liability. We affirm.

1. "[W]hen, as in this case, the defect, if any, was so slight that no careful or prudent man would reasonably anticipate any danger from its existence, but still an accident happened which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law." *McCrory Stores Corp. v. Ahern,* 65 Ga. App. 334, 337 (15 SE2d 797). Here the evidence did not establish the actual knowledge of the alleged dangerous or unsafe condition. There was no evidence to indicate the propriety or necessity of making an inspection to as-

certain the possible or probable existence of any defect, such as that other people had tripped or fallen. Ordinary diligence did not, as a matter of law, require an inspection where appellee had no reason to believe an inspection was necessary. *McCrory,* supra, p. 340. Since the condition which proximately caused the injury could not have been discovered in the exercise of ordinary care, i.e., could not be easily seen by an employee of appellee in the immediate area, appellee's liability would have to be based on a showing that it breached its duty to inspect and keep the premises in a safe condition. *Banks v. Colonial Stores,* 117 Ga. App. 581, 584 (161 SE2d 366). In the absence of any evidence that the defect existed at some time in the past, the appellant failed to carry her burden of proof and was not entitled to recover. *Professional Building, Inc. v. Reagen,* 129 Ga. App. 183 (199 SE2d 266).

2. Appellant relies on *Townley v. Rich's, Inc.,* 84 Ga. App. 772 (67 SE2d 403) for the proposition that the jury should determine whether a defective condition, to wit a metal strip, should have been discovered in the exercise of ordinary care. See also *Hicks v. Kaplan,* 108 Ga. App. 757 (134 SE2d 508); *Firestone Service Stores, Inc. v. Gillen,* 58 Ga. App. 782 (199 SE 853). Appellant's reliance is misplaced. *Townley* involved a demurrer and held that mere general averments of negligence are sufficient against a general demurrer. The grant of a judgment notwithstanding the verdict may be proper where a denial of a general demurrer would have been improper. Compare *Willis v. Byrd,* 116 Ga. App. 555 (3) (158 SE2d 458) with *Kroger Co. v. Cobb,* 125 Ga. App. 310 (3) (187 SE2d 316). See also *Ellington v. Tolar Const. Co.,* 237 Ga. 235 (227 SE2d 336).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED MARCH 7, 1977 — DECIDED APRIL 27, 1977.

*Robert L. Herman, Roman A. DeVille, Julius Alembik, Paul C. Myers,* for appellants.

*Swift, Currie, McGhee & Hiers, Clayton H. Farnham,* for appellee.