## 54053. LANGLEY v. ELLMAN'S, INC. et al.

BANKE, Judge.

The appellant was returning a bulky package to Ellman's and slipped while lifting it to the counter. She sued, alleging that Ellman's was negligent in maintaining a slippery floor covering and finish, in requiring her to carry the package to the counter rather than accepting it outside at the loading dock, and in requiring her to lift the package to the counter. She joined appellee Consolidated Foods, Inc., as a co-defendant, alleging that the firm had been negligent in applying a slippery wax to the floor. She earlier contended that a slippery foreign substance, as opposed to the wax finish, was the cause of her fall, but has now abandoned this contention. She appeals from a grant of summary judgment to the defendants.

The appellees submitted statements by various employees to the effect that no other "slip and fall" accidents had occurred at the location where the appellant fell, that Ellman's had received no warnings or complaints that a dangerous or defective condition existed, that the floor was not in fact highly waxed, and that the wax used on the floor was of a "no-skid" variety. In opposition to these statements, the appellant relies upon her own observations that the floor was "highly waxed and looked slippery" and that it had a "high sheen." She also stated that she slipped as if she were "on ice."

"The burden in summary judgment proceedings is upon the moving party to establish the lack of a genuine issue of fact and the right to judgment as a matter of law; and all doubts as to the existence of such an issue or issues is resolved against the movant. The party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442)." *Simpson v. Dotson,* 133 Ga. App. 120, 122 (210 SE2d 240) (1974).

We hold that the appellant's statements, given the benefit of all favorable inferences, produce a genuine issue of material fact as to whether the floor was so

slippery as to create an unreasonable risk that a store patron in the appellant's circumstances would slip and fall on it. The fact that other patrons may not have slipped on the floor does not demonstrate conclusively that the floor was not slippery, nor do the other statements by the appellees' employees resolve the issue as a matter of law, particularly where none of them actually made a clear, direct statement that the floor was not slippery. See *American Nat. Bank of Brunswick v. Howard,* 117 Ga. App. 834 (161 SE2d 838) (1968). Accordingly, it was a question for the jury, under the record before the court on motion for summary judgment, as to whether the appellees were liable as alleged; and the trial court erred in granting the motion. See *Marshall v. Pig'n Whistle, Inc.,* 102 Ga. App. 526, 528 (1) (116 SE2d 671) (1960).

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JUNE 9, 1977 — DECIDED JUNE 29, 1977 — REHEARING DENIED JULY 19, 1977.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Matthew H. Patton, Robert E. Shields,* for appellant.

*Dennis, Corry, Webb, Carlock & Williams, Douglas Dennis, Wade K. Copeland, Freeman & Hawkins, Andrew M. Sherffius, H. Lane Young,* for appellees.