59367. LIGON et al. v. ALTERMAN FOODS, INC.

CARLEY, Judge.

Mrs. Ligon filed a damage suit against appellee alleging that while shopping in appellee's grocery store she slipped, fell and sustained serious injuries to her knee. Mrs. Ligon's complaint averred that the proximate cause of her fall was the slippery and dangerous floor maintained by defendant and defendant knew or should have known that the floor was slippery and dangerous. Defendant denied any negligence and disputed Mrs. Ligon's right to recover.

The evidence in the record before the trial court and this court indicates that no one actually saw Mrs. Ligon fall and no one actually saw any foreign substance on the floor before the fall. There was evidence that it had been raining the day of the incident. Mrs. Ligon testified that she could not "say what it was that I slipped on now, but I do know I slipped and fell." Mrs. Ligon also testified that "the floor was slippery and highly polished as usual." In opposition to appellee's motion for summary judgment Mrs. Ligon presented certified copies of papers in another lawsuit and these papers included a sworn affidavit by an eyewitness to a fall in the same store some nine months prior to Mrs. Ligon's fall. The purpose of submitting the pleadings and affidavit from the other suit was to show that appellee here had knowledge of prior problems with the floor resulting in at least one fall by a customer. There was evidence that the floor was washed and waxed with a "floor waxing machine" every Tuesday night. The incident here involved happened on a Friday. In responses to requests for admissions the appellee admitted that it maintained no regular schedule of tests to determine if the floor was slippery. This appeal is from the grant of summary judgment in favor of appellee.

We believe that this case is controlled by *Langley v. Ellman's, Inc.,* 143 Ga. App. 16 (237 SE2d 415) (1977), wherein this court reversed the trial court's grant of summary judgment involving a very similar slip and fall situation. As in *Langley,* "[w]e hold that the appellant's statements, given the benefit of all favorable inferences, produce a genuine issue of material fact as to whether the floor was

so slippery as to create an unreasonable risk that a store patron in the appellant's circumstances would slip and fall on it." *Langley v. Ellman's, Inc.*, supra, 16. The factual issues precluding summary judgment here are even more apparent than in *Langley* because unlike *Langley* there was some evidence that there had been a previous fall by a customer in the same store. Compare *Food Fair v. Mock*, 129 Ga. App. 421 (199 SE2d 820) (1973). Appellee's argument that the affidavit dealing with the other fall was inadmissible comes too late on appeal because "objections to 'formal defects' should be made in the trial court or else they are waived." *Georgia Hwy. Exp. v. W. D. Alexander Co.*, 124 Ga. App. 143 (183 SE2d 215) (1971). An adjudication of the issue of appellee's liability must await a jury's resolution of material questions of fact.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED FEBRUARY 13, 1980 — DECIDED APRIL 8, 1980 — REHEARING DENIED APRIL 29, 1980 —

*James D. Patrick*, for appellants.
*J. Barrington Vaught*, for appellee.